# Exhibit "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MERRILL LYNCH, PIERCE, FENNER
& SMITH INCORPORATED,

      Petitioner,

v.                                          Case No. 8:13-cv-2982-T-24 TGW

PATRICK RYAN BRAY,

      Respondent.
_____/

## ORDER

This cause comes before the Court on Petitioner's Petition to Confirm Arbitration Award. (Doc. No. 1). Respondent, proceeding *pro se*, opposes the motion. (Doc. No. 14). As explained below, the petition to confirm the arbitration award is granted.

## I. Background

Petitioner Merrill Lynch arbitrated a dispute with Respondent Patrick Bray regarding his failure to repay a promissory note that he executed.[1] On October 16, 2013, prior to the arbitration, Bray stipulated that: (1) he executed the promissory note; (2) the promissory note was enforceable; (3) the principal amount due was $335,491.88; (4) interest was accruing at 2.95% as of October 28, 2011; and (5) the promissory note provides for the recovery of reasonable attorneys' fees and costs. (Doc. No. 1-5).

The arbitration occurred in Tampa, Florida, and the arbitrators issued their decision and award on November 21, 2013. (Doc. No. 1-1). The arbitration award provides two things. First, it provides that Bray is liable to Petitioner for damages of $335,491.88, plus prejudgement

---

[1] Bray asserted counterclaims in the arbitration, but he did not prevail on any of them.

interest of $20,254.98 under the promissory note.[2] Second, the arbitrators determined that, pursuant to the terms of the promissory note, Petitioner is entitled to attorneys' fees incurred in collecting the amount due under the note and that the amount to be awarded shall be determined by the court.

**II. Motions to Confirm and Vacate the Arbitration Award**

On November 25, 2013, Petitioner moved to confirm the arbitration award. (Doc. No. 1). On December 13, 2013, Bray filed a document in opposition, which this Court construes as a motion to vacate the arbitration award. However, for the reasons set forth below, the Court denies Bray's construed motion and grants Petitioner's motion to confirm the award.

Section 9 of the Federal Arbitration Act ("FAA") provides the following:

> If the parties in their [arbitration] agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the [arbitration] agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. Petitioner's petition to confirm the arbitration award is timely filed, and the parties' arbitration agreement provides that the arbitrator's award may be entered as a final judgment in any court that has jurisdiction. (Doc. No. 1-2, p. 14).

The Court construes Bray's response to the petition to be a motion to vacate the

---

[2]The award also provides that post-judgment interest, if any, shall accrue in accordance with the Code of Arbitration Procedure.

2

arbitration award. See International Brotherhood of Electrical Workers, Local Union No. 323 v. Coral Electric Corp., 576 F. Supp. 1128, 1134 (S.D. Fla. 1983)(construing the defendants' response to a complaint to confirm an arbitration award to be a motion to vacate the award). However, such a motion can only be made on the following four grounds:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

Bray makes the following two arguments: (1) this Court lacks subject matter jurisdiction; and (2) there was evident partiality by the arbitrators. Accordingly, the Court will address each argument.

### A. Subject Matter Jurisdiction

Petitioner has alleged that this Court has diversity subject matter jurisdiction, because: (1) Bray is a citizen of Florida; (2) Petitioner is incorporated in Delaware, with its principal place of business in New York; and (3) the amount in controversy exceeds $350,000. Bray argues that

3

diversity does not exist, because Petitioner should be considered to be a citizen of every state, pursuant to 28 U.S.C. § 1332(c)(1). Section 1332(c)(1), however, provides that "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." According to § 1332(c)(1), Petitioner is a citizen of both Delaware and New York. As such, diversity subject matter jurisdiction exists in this case.

### B. Partiality of the Arbitrator

Next, Bray argues that there was evident partiality by the arbitrators. In support of this contention, Bray makes the following conclusory statements:

> [T]he award [should] be vacated as the award was procured after it was evident there was partiality by the arbitrators, the defendants [sic] rights were prejudiced, and the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made. This is clearly evident by the review of the transcripts from the hearing as every employee of the [Petitioner] were [sic] proven to have told multiple untruths and the panel granting [Petitioner's] motion for Directed Verdict as to defendants [sic] claim under the BHCA and FINRA rules without hearing from any expert from [Petitioner] to contradict defendants [sic] experts.

(Doc. No. 14). Bray does not submit any evidence in support of these conclusory allegations, nor does he attach the hearing transcript. As such, Bray has not provided a basis for this Court to conclude that there was evident partiality by the arbitrators. Therefore, the Court denies Bray's motion to vacate the arbitration award.

### C. Confirmation of the Award

Because the Court has denied Bray's motion to vacate the award, this Court must confirm the arbitration award. Accordingly, the Court grants Petitioner's motion to confirm the

4

arbitration award.

### III. Motion for Attorneys' Fees and Costs

On December 13, 2013, Petitioner filed a motion for attorneys' fees and costs consistent with the arbitration award's acknowledgment that Petitioner was entitled to attorneys' fees incurred in collecting the amount due under the note. (Doc. No. 12). Bray has not specifically responded to this motion. Instead, in his response to Petitioner's motion to confirm the arbitration award, Bray argues that Petitioner did not have to incur attorneys' fees at the arbitration to collect on the promissory note, because he had stipulated to the underlying facts. However, a review of the attorneys' fee motion shows that Petitioner is seeking attorneys' fees for the two years' worth of work expended to collect on the note prior to the stipulation.

Accordingly, the Court will give Bray one final opportunity to respond to Petitioner's motion for attorneys' fees and costs. If Bray fails to file a response by February 14, 2014, the Court will consider the motion for attorneys' fees and costs to be unopposed.

### IV. Conclusion

Accordingly, the Court concludes that confirmation of the arbitration award is required. Therefore, it is ORDERED AND ADJUDGED that:

(1) Petitioner's Petition to Confirm Arbitration Award (Doc. No. 1) is **GRANTED**.

(2) Petitioner's Motion for Leave to File a Reply (Doc. No. 18) is **DENIED AS MOOT**.

(3) The Court hereby confirms the arbitration award.

(4) The Clerk is directed to enter judgment in favor of Petitioner. Specifically, the

5

Case: 4:14-cv-01336-CEJ   Doc. #: 12-1   Filed: 03/27/14   Page: 7 of 17 PageID #: 123
Case 8:13-cv-02982-SCB-TGW   Document 19   Filed 01/27/14   Page 6 of 6 PageID 124

judgment shall state:

> 1. The Financial Industry Regulatory Authority arbitration Award issued on November 21, 2013, in the matter captioned, <u>Merrill Lynch, Pierce, Fenner & Smith Incorporated v. Patrick Ryan Bray</u>, FINRA No. 11-00084, is CONFIRMED in all respects.
>
> 2. Judgment is entered in favor of Merrill Lynch and against Defendant Patrick Ryan Bray ("Bray") in the amount of $335,491.88, representing the outstanding principal balance that Bray owes to Merrill Lynch on a loan secured by a Promissory Note.
>
> 3. Additionally, judgment is entered in favor of Merrill Lynch and against Bray in the amount of $20,254.98, representing interest on the outstanding balance through November 21, 2013. Post-judgment interest, if any, shall accrue in accordance with the Code of Arbitration Procedure.

(5) Bray is directed to file a response to Petitioner's motion for attorneys' fees and costs by February 14, 2014, or the Court will consider the motion to be unopposed.

(6) The Clerk is directed to close this case. The Court retains jurisdiction to determine the issue of attorneys' fees and costs.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of January, 2014.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Defendant

6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MERRILL LYNCH, PIERCE,
FENNER & SMITH
INCORPORATED,

    Plaintiff,

v.                                 Case No: 8:13-cv-2982-T-24TGW

PATRICK RYAN BRAY,

    Defendant.

## JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came before the Court and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

The Financial Industry Regulatory Authority arbitration Award issued on November 21, 2013, in the matter captioned, <u>Merrill Lynch, Pierce, Fenner & Smith Incorporated v. Patrick Ryan Bray,</u> FINRA No. 11-00084, is CONFIRMED in all respects.

2. **Judgment is entered in favor of Merrill Lynch and against Defendant Patrick Ryan Bray ("Bray")** in the amount of $335,491.88, representing the outstanding principal balance that Bray owes to Merrill Lynch on a loan secured by a Promissory Note.

3. Additionally, judgment is entered in favor of Merrill Lynch and against Bray in the amount of $20,254.98, representing interest on the outstanding balance through

November 21, 2013. Post-judgment interest, if any, shall accrue in accordance with the Code of Arbitration Procedure for which sum let execution issue.

SHERYL L. LOESCH, CLERK

<u>s/B. Napier</u>

Deputy Clerk

# CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule**: Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD** - no additional days are provided for mailing. Special filing provisions for inmates are discussed below.

    (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MERRILL LYNCH, PIERCE, FENNER
& SMITH INCORPORATED,

    Petitioner,

v.                                    Case No. 8:13-cv-2982-T-24 TGW

PATRICK RYAN BRAY,

    Respondent.
_____/

## ORDER

This cause comes before the Court on Petitioner's Motion for Attorney's Fees and Costs. (Doc. No. 12). Respondent, proceeding *pro se*, opposes the motion. (Doc. No. 14). As explained below, the motion is granted.

**I. Background**

Petitioner Merrill Lynch arbitrated a dispute with Respondent Patrick Bray regarding his failure to repay a promissory note that he executed.[1] On October 16, 2013, prior to the arbitration, Bray stipulated that: (1) he executed the promissory note; (2) the promissory note was enforceable; (3) the principal amount due was $335,491.88; (4) interest was accruing at 2.95% as of October 28, 2011; and (5) the promissory note provides for the recovery of reasonable attorneys' fees and costs. (Doc. No. 1-5).

The arbitration occurred in Tampa, Florida, and the arbitrators issued their decision and award on November 21, 2013. (Doc. No. 1-1). The arbitration award provides two things. First, it provides that Bray is liable to Petitioner for damages of $335,491.88, plus prejudgement

---

[1] Bray asserted counterclaims in the arbitration, but he did not prevail on any of them.

interest of $20,254.98 under the promissory note. Second, the arbitrators determined that, pursuant to the terms of the promissory note, Petitioner is entitled to attorneys' fees incurred in collecting the amount due under the note and that the amount to be awarded shall be determined by the court.

Petitioner moved to confirm the arbitration award, and the Court granted Petitioner's motion. (Doc. No. 19). Also pending was Petitioner's motion for attorneys' fees and costs, in which Petitioner seeks $26,929.70 in attorneys' fees and costs. (Doc. No. 12). In response, Bray made the following vague assertions:

> [Bray] denies the request by [Petitioner] for an award of attorney fees for an undetermined and undisclosed amount.
> \* \* \*
> [Bray] opposes an award for attorney fees outside of the scope of limited expense for [Petitioner] to defend their claim. It is clear that [Petitioner] did not have to defend their claim against [Bray] as there was a joint stipulation done prior to the hearing. This was done for the sole purpose of an offset thru [sic] [Bray's] counterclaim but unfortunately [Bray's] evidence was not heard in full light by the arbitrators. Lastly, [Petitioner] has yet to even produce a dollar amount to dispute.

(Doc. No. 14, p. 1-2).

It appeared to the Court that Bray may not have been aware of the separately filed motion for attorneys' fees that set forth the amount sought and the basis for the request. Therefore, the Court gave Bray another opportunity to respond to the motion. Specifically, the Court stated:

> On December 13, 2013, Petitioner filed a motion for attorneys' fees and costs consistent with the arbitration award's acknowledgment that Petitioner was entitled to attorneys' fees incurred in collecting the amount due under the note. (Doc. No. 12). Bray has not specifically responded to this motion. Instead, in his response to Petitioner's motion to confirm the arbitration award, Bray argues that Petitioner did not have to incur attorneys' fees at the arbitration to collect on the promissory note, because he had stipulated to the

2

> underlying facts. However, a review of the attorneys' fee motion shows that Petitioner is seeking attorneys' fees for the two years' worth of work expended to collect on the note prior to the stipulation. Accordingly, the Court will give Bray one final opportunity to respond to Petitioner's motion for attorneys' fees and costs. If Bray fails to file a response by February 14, 2014, the Court will consider the motion for attorneys' fees and costs to be unopposed.

(Doc. No. 19). Bray never filed an additional response to Petitioner's motion for attorneys' fees and costs, and as such, the Court deems the motion to be unopposed.

## II. Motion for Attorneys' Fees and Costs

Petitioner seeks $26,929.70 in attorneys' fees and costs, which consists of the following: (1) $19,604.70 in attorneys' fees and (2) $7,325 in arbitration costs. The Court finds that these amounts are reasonable and should be awarded. Specifically, the Court has reviewed the hourly rates and billing entries that make up Petitioner's request for attorneys' fees. The Court finds that the hourly rates are reasonable and that the amount of time expended is reasonable. Furthermore, the arbitration costs were incurred in connection with Petitioner's collection of the amount due under the promissory note.

## III. Conclusion

Accordingly, is ORDERED AND ADJUDGED that:

(1) Petitioner's Motion for Attorney's Fees and Costs (Doc. No. 12) is **GRANTED**.

(2) Petitioner is awarded $26,929.70 in attorneys' fees and costs.

(3) The Clerk is directed to amend the judgment in this case (Doc. No. 20) to add the following sentence: "4. Additionally, judgment is entered in favor of Merrill Lynch and against Bray in the amount of $26,929.70, representing attorneys' fees and costs that Merrill Lynch incurred in collecting the balance of the loan secured

by the Promissory Note."

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of March, 2014.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Defendant

4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MERRILL LYNCH, PIERCE,
FENNER & SMITH
INCORPORATED,**

          Plaintiff,

v.                           Case No: 8:13-cv-2982-T-24TGW

**PATRICK RYAN BRAY,**

          Defendant.

_____

## AMENDED JUDGMENT IN A CIVIL CASE

**Decision by Court.**  This action came before the Court and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

1. The Financial Industry Regulatory Authority arbitration Award issued on November 21, 2013, in the matter captioned, Merrill Lynch, Pierce, Fenner & Smith Incorporated v. Patrick Ryan Bray, FINRA No. 11-00084, is CONFIRMED in all respects.

2. Judgment is entered in favor of Merrill Lynch and against Defendant Patrick Ryan Bray ("Bray") in the amount of $335,491.88, representing the outstanding principal balance that Bray owes to Merrill Lynch on a loan secured by a Promissory Note.

3. Additionally, judgment is entered in favor of Merrill Lynch and against Bray in the amount of $20,254.98, representing interest on the outstanding balance through November 21, 2013. Post-judgment interest, if any, shall accrue in accordance with the Code of Arbitration Procedure.

4. Additionally, judgment is entered in favor of Merrill Lynch and against Bray in the amount of $26,929.70, representing attorneys' fees and costs that Merrill Lynch incurred in collecting the balance of the loan secured by the Promissory Note for which sum let execution issue.

SHERYL L. LOESCH, CLERK

s/J. Bowerman, Deputy Clerk

## CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule**: Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).