# Exhibit "B"

Case: 4:14-cv-01336-CEJ   Doc. #:  12-2   Filed: 03/27/14   Page: 1 of 9 PageID #: 134

Case: 4:14-cv-01336-CEJ   Doc. #: 12-2   Filed: 03/27/14   Page: 2 of 9 PageID #: 135

# Award
## FINRA Dispute Resolution

In the Matter of the Arbitration Between:

**Claimant**  
Merrill Lynch Pierce Fenner & Smith Inc.

**Case Number:** 12-00084

vs.

**Respondent**  
Patrick Ryan Bray

**Hearing Site:** Tampa, Florida

Nature of the Dispute: Member vs. Associated Person

This case was decided by a majority-public panel.

## REPRESENTATION OF PARTIES

For Claimant Merrill Lynch Pierce Fenner & Smith Inc.: Janelle E. Fulton, Esq. and Christopher S. Koller, Esq., Rubin, Fortunato & Harbison P.C., Paoli, Pennsylvania.

For Respondent Patrick Ryan Bray: Andre R. Perron, Esq., Ozark, Perron & Nelson, P.A., Bradenton Florida and W. Nelon Kirkland, Esq., Harrison, Kirkland, Pratt & McGuire, P.A., Bradenton, Florida.

## CASE INFORMATION

Statement of Claim filed on or about: January 6, 2012.
Merrill Lynch Pierce Fenner & Smith Inc. signed the Submission Agreement: January 4, 2012.

Answer, Affirmative Defenses and Counterclaim filed by Respondent on or about: March 7, 2012.
Patrick Ryan Bray signed the Submission Agreement: February 28, 2012.

Claimant's Reply to Respondent's Counterclaim filed on or about: March 26, 2012.

Motion to Amend Counterclaim filed by Respondent on or about: November 7, 2012.
Claimant's Opposition to Respondent's Motion to Amend Counterclaim filed on or about: November 19, 2012.
Respondent's Reply to Claimant's Opposition to Respondent's Motion to Amend Counterclaim filed on or about: November 27, 2012.

Claimant's Reply and Affirmative Defenses to Respondent's Amended and Restated Counterclaim filed on or about: February 22, 2013.

## CASE SUMMARY

Claimant asserted the following causes of action: beach of promissory note and unjust enrichment. The causes of action relate to Respodnent's alleged failure to repay sums due Claimant pursuant to a promissory note dated March 5, 2010 ("Note").

Unless specifically admitted in his Answer, Respondent denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

In his Counterclaim, Respondent asserted the following causes of action: Count I - constructive discharge; Count II - breach of contract; Count III - breach of fiduciary duty; Count IV - tortious interference with an advantageous business relationship; and Count V - violation of federal law and FINRA regulations. The causes of action relate to the termination of Respondent's employment with Claimant and Claimant's alleged conversion of one of Respondent's clients.

Unless specifically admitted in its Reply to Counterclaim, Claimant denied the allegations made in the Counterclaim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim and Reply to Counterclaim, Claimant requested compensatory damages in the sum of $335,491.88 representing repayment of the outstanding principal balance of the Note, interest at the rate of 2.95% accruing from October 28, 2011, through the date the balance is paid in full, attorneys' fees, costs, dismissal of Respondent's Counterclaim, as amended, and any additional relief the Panel deemed just and appropriate.

In his Answer and Counterclaim, as amended, Respondent requested unspecified compensatory damages, interest, costs, attorneys' fees, punitive damages and such other and further relief as the Panel deemed just and proper.

At the close of the hearing, Respondent requested compensatory damages of $1,116,000.00 and withdrew his request for punitive damages.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

In the Motion to Amend Counterclaim, Respondent asserted, among other things, that he wanted to add a cause of action for violation of federal law and FINRA regulations related to Claimant's alleged conversion of one of Respondent's clients. In its Opposition to Respondent's Motion to Amend Counterclaim, Claimant asserted, among other things, that Respondent waived the new cause of action when he failed to timely raise it in his initial Answer and Counterclaim. On or about December 5, 2012, the Panel entered an Order which granted Respondent's Motion to Amend Counterclaim.

During the evidentiary hearing, Claimant made a Motion to Strike the Testimony of one of Respondent's witnesses and requested attorneys' fees in connection with the Motion which Respondent opposed. The Panel denied the Motion.

During the evidentiary hearing, Claimant made a Motion for Directed Verdict as to Respondent's Counterclaim asserting, among other things, that Respondent's claims either fail as a matter of law or are contradicted by the evidence. Respondent opposed the Motion. The Panel granted the Motion as to Count V of the Counterclaim which concerned violations of federal law and FINRA regulations and denied the Motion in all other respects.

On or about February 8, 2013, the Panel entered an Order which stated, in pertinent part, the following: "Panel defers ruling on the Respondent's and Claimant's Motions for Sanctions and shall determine same at arbitration." After the conclusion of the evidentiary hearing, the Panel determined to deny the parties' Motions for Sanctions.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions (if any), the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent is liable and shall pay to Claimant compensatory damages in the sum of $335,491.88 plus pre-judgment interest in the sum of $20,254.98. Post-judgment interest, if any, shall accrue in accordance with the Code of Arbitration Procedure ("Code").

2. The Panel has determined that, pursuant to the Note, Claimant is entitled to attorneys' fees associated with pursuing their Statement of Claim. Claimant is not entitled to attorneys' fees associated with defending against Respondent's Counterclaim. The amount of attorneys' fees awarded to Claimant shall be determined by a court of competent jurisdiction.

3. Count V of Respondent's Counterclaim is dismissed, with prejudice, as set forth in the Other Issues Considered and Decided section above.

4. The remaining counts of Respondent's Counterclaim are denied, with prejudice.

5. Any and all claims for relief not specifically addressed herein, including Respondent's request for attorneys' fees, are denied.

## FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
FINRA Dispute Resolution assessed a filing fee* for each claim:
    Initial Claim Filing Fee                                   = $ 2,125.00
    Counterclaim Filing fee                                  = $ 1,250.00

*The filing fee is made up of a non-refundable and a refundable portion.*

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Claimant is assessed the following:
    Member Surcharge                                       = $ 1,700.00
    Pre-Hearing Processing Fee                      = $    750.00
    Hearing Processing Fee                              = $ 2,750.00

**Adjournment Fees**
Adjournments granted during these proceedings for which fees were assessed:

February 19-22, 2013, adjournment by Respondent           = $ 1,125.00

The Panel has assessed $562.50 of the adjournment fee to Claimant.

The Panel has assessed $562.50 of the adjournment fee to Respondent.

**Discovery-Related Motion Fees**
Fees apply for each decision rendered on a discovery-related motion.

One (1) Decision on a discovery-related motion on the papers
with one (1) arbitrator @ $200.00                                 = $    200.00
Respondent submitted one (1) discovery-related motion

Total Discovery-Related Motion Fees                           = $    200.00

The Panel has assessed $100.00 of the discovery-related motion fee to Claimant.

The Panel has assessed $100.00 of the discovery-related motion fee to Respondent.

**Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Fees associated with these proceedings are:

Three (3) Pre-hearing sessions with a single arbitrator @ $450.00/session = $ 1,350.00
Pre-hearing conferences:   November 12, 2012       1 session
                              December 6, 2012        1 session
                              September 12, 2013     1 session

Three (3) Pre-hearing sessions with the Panel @ $1,125.00/session      = $ 3,375.00

FINRA Dispute Resolution
Arbitration No. 12-00084
Award Page 5 of 6

| Pre-hearing conferences: | June 26, 2012 | 1 session | |
|---|---|---|---|
| | December 5, 2012 | 1 session | |
| | February 7, 2013 | 1 session | |

| Nineteen (19) Hearing sessions @ $1,125.00/session | | | =$21,375.00 |
|---|---|---|---|
| Hearing Dates: | November 4, 2013 | 2 sessions | |
| | November 5, 2013 | 3 sessions | |
| | November 6, 2013 | 3 sessions | |
| | November 7, 2013 | 3 sessions | |
| | November 8, 2013 | 2 sessions | |
| | November 11, 2013 | 2 sessions | |
| | November 12, 2013 | 3 sessions | |
| | November 13, 2013 | 1 session | |

**Total Hearing Session Fees** =$26,100.00

The Panel has assessed $13,050.00 of the hearing session fees to Claimant.

The Panel has assessed $13,050.00 of the hearing session fees to Respondent.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Kathryn M. Welsh | - | Public Arbitrator, Presiding Chairperson |
| Thomas R. Carlsen | - | Public Arbitrator |
| Terry L. Kors | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

**Concurring Arbitrators' Signatures**

_____        11/21/13
Kathryn M. Welsh                        Signature Date
Public Arbitrator, Presiding Chairperson


_____        _____
Thomas R. Carlsen                       Signature Date
Public Arbitrator


_____        _____
Terry L. Kors                           Signature Date
Non-Public Arbitrator

11/22/13
_____
Date of Service (For FINRA Dispute Resolution office use only)

FINRA Dispute Resolution
Arbitration No. 12-00084
Award Page 6 of 6

## ARBITRATION PANEL

| | | |
|---|---|---|
| Kathryn M. Welsh | - | Public Arbitrator, Presiding Chairperson |
| Thomas R. Carlsen | - | Public Arbitrator |
| Terry L. Kors | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

### Concurring Arbitrators' Signatures

_____
Kathryn M. Welsh
Public Arbitrator, Presiding Chairperson

*[signature: Thomas R Carlsen]*

Thomas R. Carlsen
Public Arbitrator

_____
Signature Date

11-21-13
Signature Date

_____
Terry L. Kors
Non-Public Arbitrator

_____
Signature Date

11/22/13
Date of Service (For FINRA Dispute Resolution office use only)

FINRA Dispute Resolution
Arbitration No. 12-00084
Award Page 6 of 6

## ARBITRATION PANEL

| | | |
|---|---|---|
| Kathryn M. Welsh | - | Public Arbitrator, Presiding Chairperson |
| Thomas R. Carlsen | - | Public Arbitrator |
| Terry L. Kors | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

**Concurring Arbitrators' Signatures**

_____
Kathryn M. Welsh
Public Arbitrator, Presiding Chairperson

_____
Signature Date

_____
Thomas R. Carlsen
Public Arbitrator

_____
Signature Date

_____
Terry L. Kors
Non-Public Arbitrator

*11-21-13*
Signature Date

*11/22/13*
_____
Date of Service (For FINRA Dispute Resolution office use only)