# Exhibit "C"



Print

## 13504. Motions to Dismiss

The Industry Code applies to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new code.

**(a) Motions to Dismiss Prior to Conclusion of Case in Chief**

(1) Motions to dismiss a claim prior to the conclusion of a party's case in chief are discouraged in arbitration.

(2) Motions under this rule must be made in writing, and must be filed separately from the answer, and only after the answer is filed.

(3) Unless the parties agree or the panel determines otherwise, parties must serve motions under this rule at least 60 days before a scheduled hearing, and parties have 45 days to respond to the motion. Moving parties may reply to responses to motions. Any such reply must be made within 5 days of receipt of a response.

(4) Motions under this rule will be decided by the full panel.

(5) The panel may not grant a motion under this rule unless an in-person or telephonic prehearing conference on the motion is held or waived by the parties. Prehearing conferences to consider motions under this rule will be recorded as set forth in Rule 13606.

(6) The panel cannot act upon a motion to dismiss a party or claim under paragraph (a) of this rule, unless the panel determines that:

(A) the non-moving party previously released the claim(s) in dispute by a signed settlement agreement and/or written release; or

(B) the moving party was not associated with the account(s), security(ies), or conduct at issue.

(7) If the panel grants a motion under this rule (in whole or part), the decision must be unanimous, and must be accompanied by a written explanation.

(8) If the panel denies a motion under this rule, the moving party may not re-file the denied motion, unless specifically permitted by panel order.

(9) If the panel denies a motion under this rule, the panel must assess forum fees associated with hearings on the motion against the moving party.

(10) If the panel deems frivolous a motion filed under this rule, the panel must also award reasonable costs and attorneys' fees to any party that opposed the motion.

(11) The panel also may issue other sanctions under Rule 13212 if it determines that a party filed a motion under this rule in bad faith.

**(b) Motions to Dismiss After Conclusion of Case in Chief**

A motion to dismiss made after the conclusion of a party's case in chief is not subject to the procedures set forth in paragraph (a).

**(c) Motions to Dismiss Based on Eligibility**

A motion to dismiss based on eligibility filed under Rule 13206 will be governed by that rule.

**(d) Motions to Dismiss Based on Failure to Comply with Code or Panel Order**

A motion to dismiss based on failure to comply with any provision in the Code, or any order of the panel or single arbitrator filed under Rule 13212 will be governed by that rule.

**(e) Motions to Dismiss Based on Discovery Abuse**

A motion to dismiss based on discovery abuse filed under Rule 13511 will be governed by that rule.

---

Amended by SR-FINRA-2011-006 eff. June 6, 2011.
Amended by SR-FINRA-2009-026 eff. Apr. 17, 2009.
Adopted by SR-FINRA-2007-021 eff. Feb. 23, 2009.

**Selected Notices:** 09-07, 11-23.

---

©2013 FINRA. All rights reserved.