# EXHIBIT "B"

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| PATRICK RYAN BRAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 8:14-cv-00332-SDM-TBM |
| v. | : | |
| | : | |
| BANK OF AMERICA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### DEFENDANT BANK OF AMERICA, N.A.'S RESPONSES TO PLAINTIFF PATRICK RYAN BRAY'S REQUEST FOR PRODUCTION OF DOCUMENTS AND INFORMATION DIRECTED TO DEFENDANT BANK OF AMERICA, N.A.

Pursuant to Rule 33(b) of the Federal Rules of Civil Procedure Local Rule 3.03(a) of the

United States District Court for the Middle District of Florida, Defendant Bank of America, N.A.

("BANA"), by its undersigned attorneys, hereby responds and objects to Plaintiff Patrick Ryan

Bray's Request for Production of Documents and Information Directed to Defendant Bank of

America, N.A. ("the Discovery Requests"). These responses and objections reflect BANA's

current knowledge and the results of its investigation to date. BANA reserves the right to amend

and/or supplement these responses up to and including the time of the trial of this matter.

### GENERAL OBJECTIONS

Defendant BANA makes the following general objections to Plaintiff's Discovery

Requests:

1. The Discovery Requests seek the disclosure of documents that are protected by

the attorney-client privilege and/or the work product doctrine. Any disclosure of privileged or

protected information is inadvertent, involuntary and unintentional, and is not intended to be a waiver of any privileges or protections.

2. The Discovery Requests and the definitions therein seek to impose a greater burden than is permitted by the Federal Rules of Civil Procedure.

3. The definitions in the Discovery Requests do not define Defendant BANA. For purposes of these responses and objections, BANA shall mean Bank of America, N.A., a National Banking Association with its principal place of business in Charlotte, North Carolina.

4. BANA objects to, and will not produce, documents or witness testimony protected by, any applicable privilege, protection, and/or immunity, including but not limited to Suspicious Activity Reports ("SAR") and any SAR decisioning information, the existence of which BANA is prohibited from disclosing under 31 U.S.C. § 5318(g), 31 C.F.R. § 1020.320(e), 12 C.F.R. § 21.11(k), or other applicable laws, rules, or regulations. To the extent that any request purports to seek information that BANA is legally barred from producing and disclosing the existence of, BANA objects to identifying any such information. Nothing herein shall be deemed an acknowledgement that such information exists.

5. Each and every response to Plaintiff's Discovery Requests is intended to include the general objections stated above. No response is intended to be a waiver of these objections. Additional specific objections made in response to a particular Discovery Request are not intended to, and do not, waive these general objections.

6. Each and every person identified as a current employee of BANA may be contacted through Defendant's counsel only. Likewise, all former managers of BANA and/or other former employees of BANA who have legal authority to bind BANA may be contacted through Defendant's counsel only.

2

7.  BANA reserves the right to object at trial to the admissibility of any of the information or documents produced in response to the Discovery Requests.

8.  BANA reserves the right to supplement and/or amend its responses to Plaintiff's Discovery Requests up to and including the time of the trial of this matter.

## RESPONSES TO DOCUMENT REQUESTS

1.  Please provide any and all documents identified in or otherwise used for reference in forming your answers to interrogatories.

**RESPONSE:**     Subject to and without waiving the general objections and any specific objections raised in response to Plaintiff's Interrogatories, BANA will produce responsive documents that are in its possession. Plaintiff will also receive documents that are responsive to the subpoena BANA issued to Merrill Lynch.

2.  Please provide any and all documents relating to Plaintiff's hiring and employment by BANA.

**RESPONSE:**     Subject to and without waiving the general objections, documents concerning Plaintiff's hiring and employment should already be in Plaintiff's and his former attorneys' possession from the action captioned, <u>Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084. Plaintiff will also receive the following documents concerning Plaintiff's hiring and employment that are responsive to the subpoena BANA issued to Merrill Lynch:

- Plaintiff's Resignation Letter;
- Plaintiff's Promissory Note and Amortization Schedule;
- Plaintiff's Employment Agreement;
- Plaintiff's Amended Employment Agreement;
- Plaintiff's 2010 and 2011 Form W-2's;
- Plaintiff's Statement of Earnings;
- Plaintiff's Personnel File; and
- Plaintiff's Registration File.

3.  Please provide any and all electronic communications regarding Kevin Knopf's e-mail boxes (incoming, outgoing, junk, drafts, etc.) while employed by Defendant such as but not limited to kevin.knopf@baml.com and kevin.knopf@bankofamerica.com from 2008 to the present using search terms: Maritz,

3

InteliSpend, intelispend, @maritz, @intelispend, Rick, Rick Ramos, Matt, Matt Glazer, Steve, Steve Maritz, Dan, Dan Sanders, syndicate, syndication, tying, anti-tying, BHCA, arbitration, Federal, complaint, Patrick Bray, Ryan Bray, Bray, Valdes, Michael Valdes, Sean, Sean Farrell, Brian, Brian Ludwick, hide, destroy, trouble, referral, legal, illegal, violation, compliance, trial, threats, Florida, investigation, Maurice.Schutte@ml.com, Mo, Schutte, confidential, call me, Bode, Stephen Bode.

**RESPONSE:**        BANA objects to this request because the requested search terms are overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. BANA further objects to this request because the requested search terms are common and are likely to appear in many irrelevant business communications. Additionally, Kevin Knopf's email box was already searched in the action captioned, <u>Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084, and Plaintiff received all relevant emails for the date range of January 1, 2009 through December 31, 2012 using the following search terms – many of which are contained in or are subsumed in Plaintiff's current requested search terms: Flippen, Farrell, Ludwick, "Kent Reynolds," Bray, Schutte, AEIS, "American Express," "Prepaid Solutions," Intelispend, Intellispend, Maritz, Glazer, Hutson, Yergensen, Sanders, Ramos, "control agreement," tying, Newbridge, and Valdes. Plaintiff will again receive these emails in response to the subpoena BANA issued to Merrill Lynch. BANA objects to any further production of emails from Kevin Knopf's email box.

        4.      Please provide any and all electronic communications regarding Stephen Bode's e-mail boxes (incoming, outgoing, junk, drafts, etc.) while employed by Defendant such as but not limited to stephen.bode@baml.com and stephen.bode@bankofamerica.com from 2008 to the present using search terms: Maritz, InteliSpend, intelispend, @maritz, @intelispend, Rick, Rick Ramos, Matt, Matt Glazer, Steve, Steve Maritz, Dan, Dan Sanders, syndicate, syndication, tying, anti-tying, BHCA, arbitration, Federal, complaint, Patrick Bray, Ryan Bray, Bray, Valdes, Michael Valdes, Sean, Sean Farrell, Brian, Brian Ludwick, hide, destroy, trouble, referral, legal, illegal, violation, compliance, trial, threats, Florida, investigation, <u>Maurice.Schutte@ml.com</u>, Mo, Schutte, confidential, call me, Knopf, Kevin Knopf.

**RESPONSE:**        BANA objects to this request because the requested search terms are overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. BANA further objects to this request because the requested search terms are common and are likely to appear in many irrelevant business communications. Additionally, Stephen

4

Bode's email box was already searched in the action captioned, <u>Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084, and Plaintiff received all relevant emails for the date range of January 1, 2009 through December 31, 2012 using the following search terms – many of which are contained in or are subsumed in Plaintiff's current requested search terms: Flippen, Farrell, Ludwick, "Kent Reynolds," Bray, Schutte, AEIS, "American Express," "Prepaid Solutions," Intelispend, Intellispend, Maritz, Glazer, Hutson, Yergensen, Sanders, Ramos, "control agreement," tying, Newbridge, and Valdes. Plaintiff will again receive these emails in response to the subpoena BANA issued to Merrill Lynch. BANA objects to any further production of emails from Stephen Bode's email box.

5.     Please provide any and all electronic communications regarding Matthew Corcoran's e-mail boxes (incoming, outgoing, junk, drafts, etc.) while employed by Defendant such as but not limited to matthew.corcoran@baml.com from 2008 to the present using search terms:   Maritz, InteliSpend, intelispend, @maritz, @intelispend, Rick, Rick Ramos, Matt, Matt Glazer, Steve, Steve Maritz, Dan, Dan Sanders, syndicate, syndication, tying, anti-tying, BHCA, arbitration, Federal, complaint, Patrick Bray, Ryan Bray, Bray, Valdes, Michel Valdes, Sean, Sean Farrell, Brian, Brian Ludwick, hide, destroy, trouble, referral, legal, illegal, violation, compliance, trial, threats, Florida, investigation, Maurice.Schutte@ml.com, Mo, Schutte, confidential, call me.

**RESPONSE:**     BANA objects to this request because the requested search terms are overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. BANA further objects to this request because the requested search terms are common and are likely to appear in many irrelevant business communications. BANA further objects to the time frame of 2008 to the present. The relevant time period is January 2009 through March 2012. Additionally, Plaintiff has already received extensive email discovery, which includes communications with Matthew Corcoran, in the action captioned, <u>Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084, and which he will again receive in response to the subpoena BANA issued to Merrill Lynch.

6.     Please provide any and all electronic communications regarding Rosalind Marcotte's e-mail boxes (incoming, outgoing, junk, drafts, etc.) while employed by Defendant such as but not limited to rosalind.marcotte@bankofamerica.com from 2008 to the present using search terms:     Maritz, InteliSpend, intelispend, @maritz, @intelispend, Rick, Rick Ramos, Matt, Matt Glazer, Steve, Steve Maritz, Dan, Dan

5

Sanders, syndicate, syndication, tying, anti-tying, BHCA, arbitration, Federal, complaint, Patrick Bray, Ryan Bray, Bray, Valdes, Michael Valdes, Sean, Sean Farrell, Brian, Brian Ludwick, hide, destroy, trouble, referral, legal, illegal, violation, compliance, trial, threats, Florida, investigation, Maurice.Schutte@ml.com, Mo, Schutte, confidential, call me.

**RESPONSE:**      BANA objects to this request because the requested search terms are overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. BANA further objects to this request because the requested search terms are common and are likely to appear in many irrelevant business communications. BANA further objects to the time frame of 2008 to the present. The relevant time period is January 2009 through March 2012. Additionally, Plaintiff has already received extensive email discovery, which includes communications with Rosalind Marcotte, in the action captioned, Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray, FINRA Case No. 12-00084, and which he will again receive in response to the subpoena BANA issued to Merrill Lynch.

      7.      Please provide any and all electronic communications regarding Licia Gordon-Smith's e-mail boxes (incoming, outgoing, junk, drafts, etc.) while employed by Defendant such as but not limited to licia.gordon-smith@baml.com from 2008 to the present using search terms: Maritz, InteliSpend, intelispend, @maritz, @intelispend, Rick, Rick Ramos, Matt, Matt Glazer, Steve, Steve Maritz, Dan, Dan Sanders, syndicate, syndication, tying, anti-tying, BHCA, arbitration, Federal, complaint, Patrick Bray, Ryan Bray, Bray, Valdes, Michael Valdes, Sean, Sean Farrell, Brian, Brian Ludwick, hide, destroy, trouble, referral, legal, illegal, violation, compliance, trial, threats, Florida, investigation, Maurice.Schutte@ml.com, Mo, Schutte, confidential, call me.

**RESPONSE:**      BANA objects to this request because the requested search terms are overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. BANA further objects to this request because the requested search terms are common and are likely to appear in many irrelevant business communications. BANA further objects to the time frame of 2008 to the present. The relevant time period is January 2009 through March 2012. Moreover, Licia Gordon-Smith's employment terminated on August 10, 2013. Additionally, Plaintiff has already received extensive email discovery, which includes communications with Licia Gordon-Smith, in the action captioned, Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray, FINRA Case No. 12-

00084, and which he will again receive in response to the subpoena BANA issued to Merrill Lynch.

8.     Please provide any and all electronic communications regarding Randolph Kohler e-mail boxes (incoming, outgoing, junk, drafts, etc.) while employed by Defendant such as but not limited to randolph.kohler@bankofamerica.com from 2008 to present using search terms:  Maritz, InteliSpend, intelispend, @maritz, @intelispend, Rick, Rick Ramos, Matt, Matt Glazer, Steve, Steve Maritz, Dan, Dan Sanders, syndicate, syndication, tying, anti-tying, BHCA, arbitration, Federal, complaint, Patrick Bray, Ryan Bray, Bray, Valdes, Michael Valdes, Sean, Sean Farrell, Brian, Brian Ludwick, hide, destroy, trouble, referral, legal, illegal, violation, compliance, trial, threats, Florida, investigation, Maurice.Schutte@ml.com, Mo, Schutte, confidential, call me.

**RESPONSE:**          BANA objects to this request because the requested search terms are overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  BANA further objects to this request because the requested search terms are common and are likely to appear in many irrelevant business communications.  BANA further objects to the time frame of 2008 to the present.  The relevant time period is January 2009 through March 2012.  Additionally, Plaintiff has already received extensive email discovery, which includes communications with Randolph Kohler, in the action captioned, <u>Merrill Lynch. Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084, and which he will again receive in response to the subpoena BANA issued to Merrill Lynch.

9.     Please provide any and all electronic communications regarding Patricia Mecurio's e-mail boxes (incoming, outgoing, junk, drafts, etc.) while employed by Defendant such as but not limited to patricia.mecurio@daml.com and patricia.mecurio@bankofamerica.com from 2008 to the present using search terms: Maritz, InteliSpend, intelispend, @maritz, @intelispend, Rick, Rick Ramos, Matt, Matt Glazer, Steve, Steve Maritz, Dan, Dan Sanders, syndicate, syndication, tying, anti-tying, BHCA, arbitration, Federal, complaint, Patrick Bray, Ryan Bray, Bray, Valdes, Michael Valdes, Sean, Sean Farrell, Brian, Brian Ludwick, hide, destroy, trouble, referral, legal, illegal, violation, compliance, trial, threats, Florida, investigation, Maurice.Schutte@ml.com, Mo, Schutte, confidential, call me.

**RESPONSE:**          BANA objects to this request because the requested search terms are overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  BANA further objects to this request because the requested search terms are common and are likely to appear in

7

many irrelevant business communications. BANA further objects to the time frame of 2008 to the present. The relevant time period is January 2009 through March 2012. Moreover, Patricia Mercurio's employment terminated on November 13, 2012. Additionally, Plaintiff has already received extensive email discovery, which includes communications with Patricia Mercurio, in the action captioned, <u>Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084, and which he will again receive in response to the subpoena BANA issued to Merrill Lynch.

10.    Please provide any and all electronic communications regarding David O'Connor e-mail boxes (incoming, outgoing, junk, drafts, etc.) while employed by Defendant such as but not limited to david.oconnor@bankofamerica.com from 2008 to the present using search terms: Maritz, InteliSpend, intelispend, @maritz, @intelispend, Rick, Rick Ramos, Matt, Matt Glazer, Steve, Steve Maritz, Dan, Dan Sanders, syndicate, syndication, tying, anti-tying, BHCA, arbitration, Federal, complaint, Patrick Bray, Ryan Bray, Bray, Valdes, Michael Valdes, Sean, Sean Farrell, Brian, Brian Ludwick, hide, destroy, trouble referral, legal, illegal, violation, compliance, trial, threats, Florida, investigation, Maurice.Schutte@ml.com, Mo, Schutte, confidential, call me.

**RESPONSE:**        BANA objects to this request because the requested search terms are overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. BANA further objects to this request because the requested search terms are common and are likely to appear in many irrelevant business communications. BANA further objects to the time frame of 2008 to the present. The relevant time period is October 28, 2011 through December 31, 2011. Moreover, David O'Connor's employment terminated on August 27, 2012. Additionally, Plaintiff has already received extensive email discovery, which includes communications with David O'Connor, in the action captioned, <u>Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084, and which he will again receive in response to the subpoena BANA issued to Merrill Lynch.

11.    Please provide any and all electronic communications regarding Debra Hellmann's e-mail boxes (incoming, outgoing, junk, drafts, etc.) while employed by Defendant such as but not limited to and debra.hellmann@bankofamerica.com from 2008 to present day using search terms:   Maritz, InteliSpend, intelispend, @maritz,

@intelispend, Rick, Rick Ramos, Matt, Matt Glazer, Steve, Steve Maritz, Dan, Dan Sanders, syndicate, syndication, tying, anti-tying, BHCA, arbitration, Federal, complaint, Patrick Bray, Ryan Bray, Bray, Valdes, Michael Valdes, Sean, Sean Farrell, Brian, Brian Ludwick, hide, destroy, trouble, referral, legal, illegal, violation, compliance, trial, threats, Florida, investigation, Maurice.Schutte@ml.com, Mo, Schutte, confidential, call me.

**RESPONSE:**          BANA objects to this request because the requested search terms are overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. BANA further objects to this request because the requested search terms are common and are likely to appear in many irrelevant business communications. BANA further objects to the time frame of 2008 to the present. The relevant time period is January 2009 through March 2012. Moreover, Debra Hellmann's employment terminated on May 24, 2012. Additionally, Plaintiff has already received extensive email discovery, which includes communications with Debra Hellmann, in the action captioned, <u>Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084, and which he will again receive in response to the subpoena BANA issued to Merrill Lynch.

12.    Please provide any and all electronic communications regarding Wilson Moore's e-mail boxes (incoming, outgoing, junk, drafts, etc.) while employed by Defendant such as but not limited to wilson.moore@baml.com from 2008 to present day using search terms: Maritz, Intelispend, intelispend, @maritz, @intelispend, Rick, Rick Ramos, Matt, Matt Glazer, Steve, Steve Maritz, Dan, Dan Sanders, syndicate, syndication, tying, anti-tying, BHCA, arbitration, Federal, complaint, Patrick Bray, Ryan Bray, Bray, Valdes, Michael Valdes, Sean, Sean Farrell, Brian, Brian Ludwick, hide, destroy, trouble, referral, legal, illegal, violation, compliance, trial, threats, Florida, investigation, Maurice.Schutte@ml.com, Mo, Schutte, confidential, call me.

**RESPONSE:**          BANA objects to this request because the requested search terms are overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. BANA further objects to this request because the requested search terms are common and are likely to appear in many irrelevant business communications. BANA further objects to the time frame of 2008 to the present. The relevant time period is January 2009 through March 2012. Additionally, Plaintiff has already received extensive email discovery, which includes communications with Wilson Moore, in the action captioned, <u>Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084, and which he will again

9

receive in response to the subpoena BANA issued to Merrill Lynch.

13.    Please provide a Copy of Stephen Bode's personnel file(s).

**RESPONSE:**    BANA objects to this request because it is overly broad and seeks information that is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. BANA further objects to this request because it seeks confidential, private, and sensitive information about a non-party, who has a reasonable expectation of privacy pertaining to information relating to his employment.

14.    Please provide a Copy of Kevin Knopf's personnel file(s).

**RESPONSE:**    BANA objects to this request because it is overly broad and seeks information that is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. BANA further objects to this request because it seeks confidential, private, and sensitive information about a non-party, who has a reasonable expectation of privacy pertaining to information relating to his employment.

15.    Please provide any and all documents relating to all training material relative to Anti-Tying including but not limited to the Anti-Tying Primer courses from 2008 to present.

**RESPONSE:**    Subject to and without waiving the foregoing general objections, BANA is producing the following training materials related to Bray's Federal Anti-Tying allegations, which should already be in Plaintiff's possession from the action captioned, Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray, FINRA Case No. 12-00084:

- 2009 Anti-tying course material;
- "An Anti-tying Primer 2010";
- "An Anti-tying Primer 2011";
- "An Anti-tying Primer 2012";
- "An Anti-tying Primer 2013"; and
- "Dealing with Customers" excerpt from "Enterprise Chapter: Legal."

16.    Please provide any and all documents relative to Defendants policies and procedures concerning Defendants policies and procedures on Anti-Tying and BHCA from 2008 to present.

10

<u>**RESPONSE:**</u>           Subject to and without waiving the foregoing general objections, BANA incorporates by reference its response to Document Request No. 15.

17.     Please provide any and all materials, documents, and memorandums regarding Anti-Tying from 2008 to present.

<u>**RESPONSE:**</u>           BANA objects to this request because it is vague, ambiguous, and overly broad, and seeks information that is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing and general objections, BANA incorporates by reference its response to Document Request No. 15.

18.     Please provide any and all materials, documents, and memorandums regarding defamation and Defendant's policies and procedures on defamation from 2008 to present.

<u>**RESPONSE:**</u>           Subject to and without waiving the general objections, BANA is producing the following document, which should already be in Plaintiff's possession from the action captioned, <u>Merrill Lynch, Pierce, Fenner & Smith. Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084:

- 2010 Bank of American Corporation Code of Ethics.

19.     Please provide any and all materials, documents, and memorandums regarding training material of the Defendant on defamation from 2008 to present.

<u>**RESPONSE:**</u>           BANA objects to this request because it is vague, ambiguous, and overly broad, and seeks information that is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing and general objections, BANA incorporates by reference its response to Document Request No. 18.

20.     Please provide sufficient documents regarding Plaintiff's compensation plan, for each month, from the time he started there, through the present.

<u>**RESPONSE:**</u>           Subject to and without waiving the general objections, documents concerning Plaintiff's compensation should already be in Plaintiff's and his former attorneys' possession from the action

11

captioned, <u>Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084. Plaintiff will also receive the following documents concerning Plaintiff's compensation that are responsive to the subpoena BANA issued to Merrill Lynch:

- U.S. Wealth Management: Merrill Lynch Financial Advisors 2010 Financial Advisor Incentive Compensation Plan; and
- U.S. Wealth Management: Merrill Lynch Financial Advisors 2011 Financial Advisor Incentive Compensation Plan;
- Monthly Production Credit & Cash Compensation Summary reports;
- Plaintiff's 2010 and 2011 Form W-2's;
- Plaintiff's Statement of Earnings;
- Monthly Practice Management Analytics Center reports; and
- Plaintiff's 2010 and 2011 Compensation Plans.

21.   Please provide sufficient documents regarding Stephen Bode's compensation plan and bonus structure from 2006 to present.

**RESPONSE:**   BANA objects to this request because it seeks information that is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. BANA further objects to the time period of 2006 to the present. The relevant time period is January 2009 through March 2012. Moreover, as Plaintiff is aware, Stephen Bode provided extensive testimony on these topics, subject to cross examination, in the action captioned, <u>Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084. BANA refers to the transcripts that Plaintiff and his attorneys from this action possess. Additionally, the transcripts from this action will be produced in response to the subpoena BANA issued to Merrill Lynch.

22.   Please provide sufficient documents regarding Kevin Knopf's compensation plan and bonus structure from 2006 to present.

**RESPONSE:**   BANA objects to this request because it seeks information that is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. BANA further objects to the time period of 2006 to the present. The relevant time period is January 2009 through March 2012. Moreover, as Plaintiff is aware, Kevin

12

Knopf provided extensive testimony on these topics, subject to cross examination, in the action captioned, <u>Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084.  BANA refers to the transcripts that Plaintiff and his attorneys from this action possess.  Additionally, the transcripts from this action will be produced in response to the subpoena BANA issued to Merrill Lynch.

23.    Please provide any and all documents to support whether the following have ever been an employee of the Defendant along with date of hire:

          (a)    Brian Ludwick;
          (b)    Sean Farrell;
          (c)    Virginia Flippen;
          (d)    Bridget Lynch; and
          (e)    Maurice Schutte.

**RESPONSE:**    BANA objects to this request because it seeks information that is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, Plaintiff has already received extensive documents in the action captioned, <u>Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084, and which he will again receive, in addition to the transcripts from this action, in response to the subpoena BANA issued to Merrill Lynch.  Subject to and without waiving the foregoing General Objections, BANA will produce the following documents:

- BrokerCheck Report for Brian Dean Ludwick (as of 6/12/14);
- BrokerCheck Report for Sean Farrell (as of 6/18/14);
- BrokerCheck Report for Virginia Flippen (as of 6/12/14);
- BrokerCheck Report for Bridget Lynch (as of 6/12/14); and
- BrokerCheck Report for Maurice Schutte (as of 6/12/14).

24.    Please provide all documents regarding the Security Investigation and its findings of Plaintiff after his termination of employment from Defendant and its Affiliate along with all electronic communications.

**RESPONSE:**    Subject to and without waiving the general objections, Plaintiff has already received the security file in the action captioned, <u>Merrill</u>

13

<u>Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084, and which he will again receive in response to the subpoena BANA issued to Merrill Lynch.

     25.    Please provide all documents regarding Defendants Corporate Policies and Procedures from 2008 to present.

**RESPONSE:**        Subject to and without waiving the general objections, Plaintiff has already received documents in the action captioned, <u>Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084, and he will again receive documents in response to the subpoena BANA issued to Merrill Lynch. Moreover, BANA has already agreed to produce the 2010 Bank of American Corporation Code of Ethics and Anti-Tying policies in response to Document Request Nos. 15 and 18.

     26.    Please provide all documents regarding Defendants Employees Policies and Procedures from 2008 to present.

**RESPONSE:**        Subject to and without waiving the general objections, Plaintiff has already received documents in the action captioned, <u>Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084, and he will again receive documents in response to the subpoena BANA issued to Merrill Lynch. Moreover, BANA has already agreed to produce the 2010 Bank of American Corporation Code of Ethics and Anti-Tying policies in response to Document Request Nos. 15 and 18.

     27.    Please provide all documents relative to Defendants policies, guidelines and procedures from the origination of a loan through underwriting and final placing of the loan.

**RESPONSE:**        BANA objects to this request because it is overbroad and unduly burdensome. BANA further objects to this request because it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of explanation, BANA originates thousands of loans throughout its business as well as many different types of loans. Therefore, Bray's request to identify BANA's policies and procedures as it relates to the origination of a loan through the final placing of a loan is incapable of a response. Subject to and without waiving the foregoing and general objections, BANA is producing the policies and procedures identified in response to Document Request No. 15 as well as the following policy excerpts that relate only to the

origination of the loan through the finalization of the loan identified in Bray's Complaint.

- Marketable Securities;
- Communication of Terms to Customers; and
- Syndications.

28.    Please provide all documents relating to any loans completed by Defendant whether acting through the syndicate or not for Maritz from 2007 to present.

**RESPONSE:**    BANA objects to this request because it is vague, overbroad, ambiguous, and lacks sufficient particularity for BANA to give an adequate response. BANA further objects to this request to the extent it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing and general objections, to the extent Plaintiff is seeking loans related to Maritz, BANA will produce the following documents:

- Pledged Collateral Account Control Agreement;
- Third Amendment to the Second Amended and Restated Credit Agreement;
- Second Amended and Restated Credit Agreement;
- Second Amended and Restated Security Agreement;
- Modification to Credit Approval Report dated 8/19/09;
- Temporary Waiver dated 8/26/09;
- Deal Screen Memorandum dated 9/9/09;
- Modification to Credit Approval Report dated 9/24/09;
- Temporary Waiver dated 9/30/09;
- Modification to Credit Approval Report dated 11/2/09;
- Joinder Agreement dated 2/25/10;
- Deal Screen Memorandum dated 5/4/11;
- Uniform Commercial Code Filing Acknowledgement; and
- Mutual Fund Compensation Policy.

15

29.     Please provide copies of all transcripts of employees of Defendant who attended the Arbitration hearing that occurred November 4th 2013 through November 13, 2013, Financial Industry Regulatory Authority proceeding in the action captioned: *In the Matter of the Arbitration between Merrill Lynch, Pierce, Fenner & Smith Incorporated v. Patrick Ryan Bray, Arbitration No.: 12-00084.*

**RESPONSE:**     Subject to and without waiving the general objections, BANA refers to the transcripts from <u>Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084 that Plaintiff and his attorneys from this action possess. Additionally, the transcripts from this action will be produced in response to the subpoena BANA issued to Merrill Lynch.

30.     Please provide copies of any and all documents Defendant intends to use at the trial in this matter, including without limitation, any and all publicly available documents.

**RESPONSE:**     BANA objects to this request on the grounds that this request is premature. BANA will produce responsive information in accordance with the Case Management Order and Case Management Report entered in this matter and the applicable Federal Rules of Civil Procedure.

31.     Please provide copies of any and all documents Defendant intends to introduce as exhibit and/or evidence at the trial in this matter, including, without limitation, any and all publicly available documents.

**RESPONSE:**     BANA objects to this request on the grounds that this request is premature. BANA will produce responsive information in accordance with the Case Management Order and Case Management Report entered in this matter and the applicable Federal Rules of Civil Procedure.

32.     Please provide copies of all documents provided to any and all experts Defendant intends to use at the trial in this matter.

**RESPONSE:**     BANA objects to this request on the grounds that this request is premature. BANA will produce responsive information, if any, in accordance with the Case Management Order and Case Management Report entered in this matter and the applicable Federal Rules of Civil Procedure.

33.     Please provide resumes of any and all experts Defendant plans to call to testify in this matter.

**RESPONSE:**   BANA objects to this request on the grounds that this request is premature. BANA will produce responsive information, if any, in accordance with the Case Management Order and Case Management Report entered in this matter and the applicable Federal Rules of Civil Procedure.

34. Please provide any and all documents you contend help prove or disprove any count of the Plaintiff's Complaint.

**RESPONSE:**   Subject to and without waiving the general objections, BANA refers to the documents and transcripts from the action captioned, Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray, FINRA Case No. 12-00084 that Plaintiff and his attorneys from this action possess. Additionally, the documents and transcripts from this action will be produced in response to the subpoena BANA issued to Merrill Lynch.

35.     Please provide any and all documents supporting or explaining any factual basis for each and every one of your denials of allegations in the Plaintiff's Complaint.

**RESPONSE:**          Subject to and without waiving the general objections, BANA refers to the documents and transcripts from the action captioned, <u>Merrill Lynch, Pierce, Fenner & Smith, Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084 that Plaintiff and his attorneys from this action possess.  Additionally, the documents and transcripts from this action will be produced in response to the subpoena BANA issued to Merrill Lynch.

Date:  July 2, 2014                          Respectfully submitted,

Janelle E. Fulton
Florida Bar ID #97920
Rubin, Fortunato & Harbison P.C.
10 South Leopard Road
Paoli, PA 19301
Ph. (610) 408-2000
Fax. (610) 408-9000
jfulton@rubinfortunato.com

Mahlon H. Barlow
Florida Bar ID # 871117
Sivyer Barlow & Watson, P.A.
SunTrust Financial Centre
401 E. Jackson Street, Suite 2225
Tampa, FL 33602
Ph. (813) 221-4242
Fax. (813) 227-8598
MBarlow@sbwlegal.com

*Attorneys for Bank of America, N.A.*

18

## CERTIFICATE OF SERVICE

I hereby certify that, on July 2, 2014, a copy of the foregoing *Responses to Plaintiff*

*Patrick Ryan Bray's Request for Production of Documents and Information Directed to*

*Defendant Bank of America, N.A.* was served via email and overnight delivery by United Parcel

Service as follows:

> Patrick Ryan Bray
> 4007 Riverview Blvd.
> Bradenton, Florida 34209
> pryanbray@msn.com
>
> *Plaintiff*

Janelle E. Fulton