# EXHIBIT "C"



JANELLE E. FULTON
Direct Dial:  (610) 408-2038
Direct Fax:  (610) 854-1860
jfulton@rubinfortunato.com

July 2, 2014

**Via Electronic and First Class Mail**

Patrick Ryan Bray
4007 Riverview Blvd.
Bradenton, FL 34209

Re:   **Patrick Ryan Bray v. Bank of America**
        **14-cv-00332-SDM-TBM (M.D. Fla.)**

Dear Mr. Bray:

We received your *Request for Production of Documents* and *Request for Information* directed to Bank of America, N.A. ("BANA") (the "Discovery Requests"). In our Responses and Objections to the Discovery Requests, we reserve our right to object to some or all of these requests on the grounds that they are, among other things, overly broad, seek documents and information that are otherwise protected from disclosure by the attorney-client privilege and/or the work product doctrine, or seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. However, in the interim, we wanted to first address your request for electronic discovery contained in the Discovery Requests.

As you know, this firm represented Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") in the action captioned, <u>Merrill Lynch, Pierce, Fenner & Smith Incorporated v. Patrick Ryan Bray</u>, FINRA Case No. 12-00084 ("*Merrill Lynch v. Bray*"). This firm also currently represents BANA in the above-referenced matter. Merrill Lynch already provided extensive electronic discovery to you in the *Merrill Lynch v. Bray* matter, including approximately *101,623 emails* from the following six custodians: Patrick Ryan Bray, Sean Farrell, Brian Ludwick, Maurice Schutte, Stephen Bode, and Kevin Knopf. BANA has subpoenaed, and you will be provided with, the emails (among other documents) collected in *Merrill Lynch v. Bray.* With this backdrop in mind, BANA addresses a few issues with your *Discovery Requests:*

Rubin, Fortunato & Harbison P.C.
10 South Leopard Road,   Paoli, PA 19301    610.408.2000  /  610.408.9000   www.rubinfortunato.com

Patrick Ryan Bray
July 2, 2014
Page 2

## I. Time Period

You have requested that BANA search the email boxes of nine custodians (Kevin Knopf, Stephen Bode, Matthew Corcoran, Rosalind Marcotte, Licia Gordon-Smith, Randolph Kohler, Patricia Mecurio, David O'Connor, and Debra Hellman) for the time period of 2008 through the present. However, the only arguable time period relevant to the allegations in your *Complaint* is December 2009 through February 2012 (*i.e.*, the time that Maritz sought to modify the terms of its credit agreement with the lending syndicate through the time period that BANA released the InteliSpend assets as collateral in February 2012). Thus, with the exception of David O'Connor whose involvement was limited to October 28, 2011 (the date you resigned from Merrill Lynch) through December 31, 2011, the relevant date range for the remaining custodians is January 1, 2009 through March 31, 2012.

## II. Custodians and Search Terms

### A. Stephen Bode's and Kevin Knopf's Email Boxes

In your Discovery Requests, you request that BANA perform a search of Stephen Bode's and Kevin Knopf's email boxes. As you are fully aware, your counsel in *Merrill Lynch v. Bray* submitted multiple requests for emails throughout the litigation. Merrill Lynch accommodated your counsel's multiple requests to modify the email search terms and/or time periods. Merrill Lynch provided you with approximately 4,000 emails from Bode's and Knopf's email boxes. Specifically, Merrill Lynch produced relevant emails from Bode's and Knopf's email boxes for the date range of January 1, 2009 through December 31, 2012 using the following search terms: Flippen, Farrell, Ludwick, "Kent Reynolds," Bray, Schutte, AEIS, "American Express," "Prepaid Solutions," Intelispend, Intellispend, Maritz, Glazer, Hutson, Yergensen, Sanders, Ramos, "control agreement," tying, Newbridge, and Valdes.

Now, in your Discovery Requests, you are requesting that BANA not only provide another two-and-a-half years of Bode's and Knopf's email boxes, but that BANA also add additional search terms. First, as noted above, Merrill Lynch previously searched for many of the search terms you now request (*e.g.*, Schutte, Bray, Maritz, etc.). Second, you are requesting numerous search terms that are already subsumed within the search terms that Merrill Lynch previously applied to Bode's and Knopf's email boxes. By way of example only, "@intelispend" would be captured by "intelispend," "Steve Maritz" and "@maritz would be captured by "Maritz," and "Michael Valdes" would be captured by "Valdes."

When taking these two factors into consideration, the only remaining search terms are: hide, destroy, trouble, referral, legal, illegal, violation, compliance, trial, threats, Florida, investigation, confidential, call me, Bode, and Stephen Bode. These search terms are overbroad and will result in many false hits (*i.e.*, irrelevant emails). For example, searching for "Bode" in Knopf's email box will capture every email Knopf ever sent to Bode, many of which will be completely unrelated to this litigation. Additionally, the terms "destroy," "legal," "illegal," "violation," and "confidential" may be contained in the email disclaimer affixed to every email that comes from a BANA or Merrill Lynch employee or that comes from senders outside the company. Therefore, searching for these terms will likely capture voluminous emails sent by not

Patrick Ryan Bray
July 2, 2014
Page 3

only Bode and Knopf, but by all of the custodians you request. Moreover, general and vague search terms, such as these, are unlikely to capture responsive or relevant emails not already captured by the detailed and specific search terms already applied to the email custodians.

In light of the aforementioned, BANA will not agree to apply the additional suggested search terms to Bode's and Knopf's email box. However, as noted above, you have, and will receive again, the emails from Bode's and Knopf's email boxes that Merrill Lynch produced in *Merrill Lynch v. Bray*.

### B. The Remaining Custodians

With respect to Matthew Corcoran, Rosalind Marcotte, Licia Gordon-Smith, Randolph Kohler, Patricia Mercurio, and Debra Hellmann, BANA objects to searching these custodians' email boxes. First, as outlined above, the relevant time period is January 1, 2009 through March 31, 2012, and the requested search terms are overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Second, you have already received extensive email discovery, which includes communications with these custodians, in the *Merrill Lynch v. Bray* matter, and which you will again receive in response to the subpoena BANA issued to Merrill Lynch on June 20, 2014. Thus, BANA objects to searching these custodians' email boxes.

Please contact me if you would like to discuss.

Very truly yours,

RUBIN, FORTUNATO & HARBISON P.C.

Janelle E. Fulton

| | |
|---|---|
| **From:** | PRyanBray [pryanbray@msn.com] |
| **Sent:** | Thursday, July 03, 2014 9:42 AM |
| **To:** | Chrupcala, Donna M.; Fulton, Janelle E.; Fuiman Cell, Lauren; mbarlow@sbwlegal.com |
| **Subject:** | RE: Patrick Ryan Bray v. Bank of America - No. 14-cv-00332-SDM-TBM (M.D. Fla.) |

Janelle

It is obvious that I would disagree with your answers to my interrogatories and discovery requests and the refusal to either answer the majority of the questions posed to you and broad refusal to provide the discovery requests presented to you. It leaves me no choice but to file a Motion to Compel with the court unless you feel that your client can be persuaded to giving the answers and documents requested without the Court getting involved. I can speak with you on Monday regarding this if it something you want to rectify prior to burdening the Court. This letter serves as my willingness to resolve the matters above amicably as to not waste the Court's time. Please let me know by close of business on Monday if this is something your client wants to resolve prior to my filing the Motion to Compel.

Thanks

Ryan



**RubinFortunato**
Employment Law That Works

**JANELLE E. FULTON**
Direct Dial:  (610) 408-2038
Direct Fax:  (610) 854-1860
jfulton@rubinfortunato.com

July 7, 2014

**Via Electronic Mail Only**

Patrick Ryan Bray
4007 Riverview Blvd.
Bradenton, FL 34209

> **Re:     Patrick Ryan Bray v. Bank of America**
> **14-cv-00332-SDM-TBM (M.D. Fla.)**

Dear Mr. Bray:

I write in response to your email of this date.  We strongly disagree with your blanket statement that Bank of America, N.A. ("BANA") refused to answer the majority of the questions.  On the contrary, with the exception of the interrogatories or document requests that BANA objected to based on privilege or other proper grounds, BANA answered all of the interrogatories and document requests.

This claim has already been litigated.  Many of the questions you asked were already asked and answered when your lawyers took the testimony of Kevin Knopf, Steve Bode, Maurice Schutte, and the other witnesses at the FINRA arbitration.  Merrill Lynch produced over 100,000 pages of documents to you in the FINRA action, and the lion's share of those documents pertained to the claims you have raised in this case against BANA.  You have had most of those documents for nearly a year, and, as we discussed, BANA has issued a subpoena to Merrill Lynch for the production of those documents so those materials can be used in this federal court action.  Additionally, BANA produced another 579 pages as an initial production.

The parties should definitely try to resolve all discovery disputes before filing a motion with the Court.  However, a general statement that you disagree with BANA's discovery responses does not provide enough information for a meaningful evaluation and discussion.  If you identify responses to **specific** interrogatories or document requests that you think are

Patrick Ryan Bray
July 7, 2014
Page 2

deficient and the reason you think the responses are deficient, we will be happy to take another
look and discuss the responses with you and, if appropriate, supplement or revise the response.

Very truly yours,

RUBIN, FORTUNATO & HARBISON P.C.

Janelle E. Fulton

**P. Ryan Bray**
Phone #(941) 812-9007
pryanbray@msn.com

July 8, 2014

<u>**Via Electronic Mail Only**</u>

Janelle E. Fulton
10 S. Leopard Rd.
Paoli, PA 19301

     **Re:**    <u>**Patrick Ryan Bray v. Bank of America**</u>
             <u>**8:14-cv-00332-TBM (M.D. Fla.)**</u>

Dear Ms. Fulton:

     I am writing in response to your email June 7, 2014 to my original email regarding my intentions to file a Motion to Compel unless something can be worked out to get the documents and answers that I have requested. I will also document my objections to your answers of my Interrogatories in this document and follow with my objections to your responses to my Discovery Requests in a separate document.

     I completely disagree that my claim has already been litigated. I state this for several reasons. First, your own words, (spoken many times, sometimes under oath) were that this case (the claims I have brought against BANA) needed to be in Federal Court not in FINRA as BANA is not a FINRA member. Also the additional Counts (outside of the tying Count) in this complaint were not included in the FINRA arbitration.

     Secondly, most of every discovery request that was made to you for the FINRA hearing by my counsel was fought back continuously with the same jargon that you still currently use, that its vague, overbroad, ambiguous, etc. Then as we went thru the 100,000 plus pages of discovery that you did provide (most of which were worthless and did not even pertain to what we asked for, but more of a try to find the needle in this haystack type of thing) we asked for more information to be given and you fought by stating that discovery was closed. Because of the delays and stall tactics there are additional documents outside of the 100,000 plus previously given that will be required of your client to search for. Furthermore this is a completely separate case that needs to be treated as such.

     Third, the Tying claim was thrown out not because we did not prove it but because BANA is a non-FINRA member. As you know you asked for it to be dismissed with prejudice and were **Denied.**

To the matters at hand, as the allegations that I have brought to the Court in Patrick Ryan Bray v. Bank of America, case # 8:14-cv-00332-SDM-TBM. To be clear the action listed above is completely separate from the FINRA hearing that Merrill Lynch was a party to and needs to be treated as such. The parties BANA and Merrill Lynch are two (2) completely separate entities and the claims alleged will require a complete separate discovery. For you to state that the information has been previously provided in a separate case is of no substance as I am confident there are many more documents that are relevant to these claims at hand that have not been provided previously.

## PLAINTIFF'S REPLY TO DEFENDANTS GENERAL OBJECTIONS

As to General Objection number:

1.      Please state specifically as to which Discovery Requests of the Plaintiff that Defendant is claiming protection by the attorney-client privilege and/or the work product doctrine.

2.      Please state the specific Federal Rules of Civil Procedure that apply to each specific Discovery Request and definitions therein that impose a greater burden than is permitted by the Law.

6.      Does Stephen Bode have legal authority to bind BANA currently? If so please explain.

## PLAINTIFF'S REPLY TO DEFENDANT'S ANSWERS OF PLAINTIFF'S INTERROGATORIES

As to question number:

1.      Answer is incomplete as Rule 33 (b)(1)(B) and (b)(5) of the Federal Rules of Civil Procedure states. All individuals who are a party to the answering of all Interrogatories need to be identified.

2.      Answer is incomplete and Plaintiff is unaware of any filings on May 7th, 2014 from BANA.

3.      Plaintiff objects to the answer, as the question posed was when did the Defendant become aware of the allegations as a Corporation not individuals or employees of the Corporation that were included in an email. If the Defendant was not made aware of these allegations on April 15, 2010 then when was it made aware? Furthermore all documents that support the answer was asked to be provided.

4.      BANA's objection to this question as it being irrelevant is unacceptable as it limits the Plaintiff's ability to properly identify and depose individuals. Defendant's response to the question being irrelevant by itself is irrelevant, as Defendant has no idea of the scope as to why the Plaintiff feels the question is relevant to his case.

5.      No objection as long as the answer is complete and individuals such as but not limited to Sean Farrell, Virginia Flippen, Bridget Lynch, and Maurice Schutte were not BANA employees in any way shape or form from 2008 to present.

6.      Plaintiff objects to the Defendant's answer. BANA surely has a policy as it relates to investigating an allegation of a Federal Law or any law for that matter being broken. Plaintiff is seeking BANA's policies and procedures as it relates to this. The relevancy of this is of most importance for Plaintiff and should be supplied. The items listed by Defendant that will be provided, are training courses to aid in preventing violations by employees, not BANA's policies and procedures as to what occurs when an allegation of a violation has been presented.

7.      No objections

8.      Plaintiff objects to Defendant limiting time frames. There is key documentation relating to procedures prior to 2009 that has material substance to the facts in this case. Furthermore the question is specific as to identifying the names, titles, dates, positions, and contact information of each author of such material and whether the author(s) were employees of the Defendant, which were not answered.

9.      Plaintiff objects to the answer given by Defendant. Defendant has attached as an exhibit to the Court inferring that this loan was a Securities Based Loan (SBL) and also used this same document to defend Merrill Lynch in the FINRA Arbitration. Plaintiff is simply seeking for BANA to simply answer what type of loan BANA classifies Maritz's loan in question in this complaint was. For instance Defendant states in their answer to question # 17 that BANA does many different types of loans.

10.      Plaintiff objects to Defendant's answer. The question is specific and relevant to this complaint nor is it vague, overbroad, ambiguous, or lacking sufficient particularity. It most definitely is not irrelevant.

11.      Plaintiff objects to this response from Defendant. Legal conclusions are what dictate BANA's policies and procedures and most certainly are relevant to this complaint. Furthermore if BANA finds that Bond Mutual Funds are an acceptable asset to be forced to be held at its affiliate to complete a loan such as the one in this complaint then please provide the documentation from its own internal policies and procedures to show so.

12.      Plaintiff objects to Defendant's answer. This is clearly relevant information to the Plaintiff's claim and needs to be answered as posed. Defendant has or had a department in Chicago, IL that monitored nothing but collateral assignments.

3

13.     Plaintiff objects to Defendant's response.  Plaintiff is well aware of the individuals that testified in prior hearings but the question asks for a direct response described in detail from BANA as to any additional afforded protection.

14.     Plaintiff objects to the Defendant's response.  The question posed is relevant to the complaint filed and has been used as a reason by the Defendant as to why this was necessary to be done in this situation.

15.     No objection

16.     Plaintiff objects to Defendant's answer.  Plaintiff is aware of testimony by individuals but Defendant has never supplied Plaintiff with any actual concrete compensation plans for the individuals described to prove or disprove their under oath statements.  In fact the testimony of the two individuals were conflicting.

17.     Plaintiff objects to Defendant's answer as there is a clear policy and procedure that is relevant to this complaint that BANA has in place.  When Defendant answers question # 9 as to what type of loan the one in question is the policies and procedures need to be provided as it relates to that type of loan.

18.     Plaintiff objects to Defendant's answer.  The question posed is most certainly relevant to this complaint.

19.     Plaintiff objects to the answer from Defendant.  Plaintiff has heard testimony and has been provided evidence but is asking the question nonetheless from BANA as to who made the request.

20.     Plaintiff objects to Defendant's response and Plaintiff wants all relevant documents searched and provided, as it is believed by Plaintiff the original information provided in the previous hearing was incomplete.

21.     No objection other than Plaintiff requests Bank of America Corporation Code of Ethics for years 2010, 2011, 2012, and 2013.

22.     No objection provided that BANA is stating that itself or its employees had any knowledge of any misconduct or misrepresentations made by Maritz or its officers during the past ten years as it relates to any loans BANA was a party to with Maritz.

23.     No objection

24.     The question posed will be re-phrased so it is not vague.  Were the assets in question in this complaint that were collateralized from AEIS (InteliSpend) from the Maritz loan ever controlled by BANA in any way shape or form?  Meaning did BANA

4

ever have legal control of said assets of AEIS (InteliSpend) by exercising the control portion of the collateral assignment agreement?

Date:  July 8, 2014                                                    Respectfully,


                                                                       P. Ryan Bray

**P. Ryan Bray**
Phone #(941) 812-9007
pryanbray@msn.com


July 8, 2014


<u>**Via Electronic Mail Only**</u>

Janelle E. Fulton
10 S. Leopard Rd.
Paoli, PA 19301

     **Re:**    **Patrick Ryan Bray v. Bank of America**
                **<u>8:14-cv-00332-TBM (M.D. Fla.)</u>**

Dear Ms. Fulton:

     I am writing in response to your answers of my Request for Production of Documents and Information and will lay out my objections in corresponding order to your answers. The General Objections have been addressed in the previous sent reply to the Interrogatories except for question number 6 which I will address now.

     As to question number six of your general objections please identify if the following former employees have legal authority to bind BANA and if so explain how:

       1. Stephen Bode
       2. Licia Gordon-Smith
       3. Patricia Mercurio
       4. David O'Connor
       5. Debra Hellmann

## OBJECTIONS TO DEFENDANT'S REPSPONSES TO DOCUMENT REQUESTS

     As to request number:

     1.     No objection

     2.     Plaintiff objects to the Defendant's answer. Plaintiff only is requesting documentation that is pertinent to his employment with BANA. As to all documents reflecting his employment at Merrill Lynch is immaterial as Merrill Lynch is not a party to this action and all claims have been heard and ruled upon as it relates to his employment with Merrill Lynch. BANA however is a completely separate company and

the Plaintiff is only requesting any documentation that is specific to his employment with BANA.

3.      Plaintiff objects to Defendant's answer. The search terms specified are necessary and not overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to discovery. In fact it has been asked from Plaintiff that all electronic documents should be accompanied with its **metadata** intact with its corresponding **TIF and/or TIFF file** associated with the **metadata** along with the **hit sheets** from the search and the **privilege log**. This information cannot be attained from previous discovery from a previous hearing from parties that are not included in this complaint. Furthermore regardless of what has been provided in previous discovery from an un-related party to this action the Plaintiff believes more documentation exists under previous search terms given that were not revealed and feels that the request is necessary. As to the time frames requested it is within the scope of reason to supply this information for the time frames given. Lastly, predicting that the commonality of a search term is likely to appear in many irrelevant business communications does not exclude the possibilities that information could be withheld that is relevant to the complaint at hand if the searches were not done.

4.      Plaintiff objects to Defendant's answer. The search terms specified are necessary and not overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to discovery. In fact it has been asked from Plaintiff that all electronic documents should be accompanied with its **metadata** intact with its corresponding **TIF and/or TIFF file** associated with the **metadata** along with the **hit sheets** from the search and the **privilege log**. This information cannot be attained from previous discovery from a previous hearing from parties that are not included in this complaint. Furthermore regardless of what has been provided in previous discovery from an un-related party to this action the Plaintiff believes more documentation exists under previous search terms given that were not revealed and feels that the request is necessary. As to the time frames requested it is within the scope of reason to supply this information for the time frames given. Lastly, predicting that the commonality of a search term is likely to appear in many irrelevant business communications does not exclude the possibilities that information could be withheld that is relevant to the complaint at hand if the searches were not done.

5.      Plaintiff objects to Defendant's answer. The Plaintiff has never requested in any previous hearings that this individuals email boxes be searched. The search terms specified are necessary and not overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to discovery. In fact it has been asked from Plaintiff that all electronic documents should be accompanied with its **metadata** intact with its corresponding **TIF and/or TIFF file** associated with the **metadata** along with the **hit sheets** from the search and the **privilege log**. This information cannot be attained from previous discovery from a previous hearing from parties that are not included in this complaint. Furthermore regardless of what has been provided in previous discovery from an un-related party to this action the Plaintiff believes more documentation exists under previous search terms given that were not revealed and feels that the request is necessary.

2

As to the time frames requested it is within the scope of reason to supply this information for the time frames given. Lastly, predicting that the commonality of a search term is likely to appear in many irrelevant business communications does not exclude the possibilities that information could be withheld that is relevant to the complaint at hand if the searches were not done.

      6.    Plaintiff objects to Defendant's answer. The Plaintiff has never requested in any previous hearings that this individuals email boxes be searched. The search terms specified are necessary and not overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to discovery. In fact it has been asked from Plaintiff that all electronic documents should be accompanied with its **metadata** intact with its corresponding **TIF and/or TIFF file** associated with the **metadata** along with the **hit sheets** from the search and the **privilege log**. This information cannot be attained from previous discovery from a previous hearing from parties that are not included in this complaint. Furthermore regardless of what has been provided in previous discovery from an un-related party to this action the Plaintiff believes more documentation exists under previous search terms given that were not revealed and feels that the request is necessary. As to the time frames requested it is within the scope of reason to supply this information for the time frames given. Lastly, predicting that the commonality of a search term is likely to appear in many irrelevant business communications does not exclude the possibilities that information could be withheld that is relevant to the complaint at hand if the searches were not done.

      7.    Plaintiff objects to Defendant's answer. The Plaintiff has never requested in any previous hearings that this individuals email boxes be searched. The search terms specified are necessary and not overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to discovery. In fact it has been asked from Plaintiff that all electronic documents should be accompanied with its **metadata** intact with its corresponding **TIF and/or TIFF file** associated with the **metadata** along with the **hit sheets** from the search and the **privilege log**. This information cannot be attained from previous discovery from a previous hearing from parties that are not included in this complaint. Furthermore regardless of what has been provided in previous discovery from an un-related party to this action the Plaintiff believes more documentation exists under previous search terms given that were not revealed and feels that the request is necessary. As to the time frames requested it is within the scope of reason to supply this information for the time frames given. Lastly, predicting that the commonality of a search term is likely to appear in many irrelevant business communications does not exclude the possibilities that information could be withheld that is relevant to the complaint at hand if the searches were not done.

      8.    Plaintiff objects to Defendant's answer. The Plaintiff has never requested in any previous hearings that this individuals email boxes be searched. The search terms specified are necessary and not overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to discovery. In fact it has been asked from Plaintiff that all electronic documents should be accompanied with its **metadata** intact with its corresponding **TIF and/or TIFF file** associated with the **metadata** along with

the **hit sheets** from the search and the **privilege log**. This information cannot be attained from previous discovery from a previous hearing from parties that are not included in this complaint. Furthermore regardless of what has been provided in previous discovery from an un-related party to this action the Plaintiff believes more documentation exists under previous search terms given that were not revealed and feels that the request is necessary. As to the time frames requested it is within the scope of reason to supply this information for the time frames given. Lastly, predicting that the commonality of a search term is likely to appear in many irrelevant business communications does not exclude the possibilities that information could be withheld that is relevant to the complaint at hand if the searches were not done.

9.      Plaintiff objects to Defendant's answer. The Plaintiff has never requested in any previous hearings that this individuals email boxes be searched. The search terms specified are necessary and not overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to discovery. In fact it has been asked from Plaintiff that all electronic documents should be accompanied with its **metadata** intact with its corresponding **TIF and/or TIFF file** associated with the **metadata** along with the **hit sheets** from the search and the **privilege log**. This information cannot be attained from previous discovery from a previous hearing from parties that are not included in this complaint. Furthermore regardless of what has been provided in previous discovery from an un-related party to this action the Plaintiff believes more documentation exists under previous search terms given that were not revealed and feels that the request is necessary. As to the time frames requested it is within the scope of reason to supply this information for the time frames given. Lastly, predicting that the commonality of a search term is likely to appear in many irrelevant business communications does not exclude the possibilities that information could be withheld that is relevant to the complaint at hand if the searches were not done.

10.     Plaintiff objects to Defendant's answer. The Plaintiff has never requested in any previous hearings that this individuals email boxes be searched. The search terms specified are necessary and not overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to discovery. In fact it has been asked from Plaintiff that all electronic documents should be accompanied with its **metadata** intact with its corresponding **TIF and/or TIFF file** associated with the **metadata** along with the **hit sheets** from the search and the **privilege log**. This information cannot be attained from previous discovery from a previous hearing from parties that are not included in this complaint. Furthermore regardless of what has been provided in previous discovery from an un-related party to this action the Plaintiff believes more documentation exists under previous search terms given that were not revealed and feels that the request is necessary. As to the time frames requested it is within the scope of reason to supply this information for the time frames given. Lastly, predicting that the commonality of a search term is likely to appear in many irrelevant business communications does not exclude the possibilities that information could be withheld that is relevant to the complaint at hand if the searches were not done.

11.     Plaintiff objects to Defendant's answer. The Plaintiff has never requested in any previous hearings that this individuals email boxes be searched. The search terms specified are necessary and not overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to discovery. In fact it has been asked from Plaintiff that all electronic documents should be accompanied with its **metadata** intact with its corresponding **TIF and/or TIFF file** associated with the **metadata** along with the **hit sheets** from the search and the **privilege log**. This information cannot be attained from previous discovery from a previous hearing from parties that are not included in this complaint. Furthermore regardless of what has been provided in previous discovery from an un-related party to this action the Plaintiff believes more documentation exists under previous search terms given that were not revealed and feels that the request is necessary. As to the time frames requested it is within the scope of reason to supply this information for the time frames given. Lastly, predicting that the commonality of a search term is likely to appear in many irrelevant business communications does not exclude the possibilities that information could be withheld that is relevant to the complaint at hand if the searches were not done.

12.     Plaintiff objects to Defendant's answer. The Plaintiff has never requested in any previous hearings that this individuals email boxes be searched. The search terms specified are necessary and not overly broad, unduly burdensome, duplicative, irrelevant, and not reasonably calculated to lead to discovery. In fact it has been asked from Plaintiff that all electronic documents should be accompanied with its **metadata** intact with its corresponding **TIF and/or TIFF file** associated with the **metadata** along with the **hit sheets** from the search and the **privilege log**. This information cannot be attained from previous discovery from a previous hearing from parties that are not included in this complaint. Furthermore regardless of what has been provided in previous discovery from an un-related party to this action the Plaintiff believes more documentation exists under previous search terms given that were not revealed and feels that the request is necessary. As to the time frames requested it is within the scope of reason to supply this information for the time frames given. Lastly, predicting that the commonality of a search term is likely to appear in many irrelevant business communications does not exclude the possibilities that information could be withheld that is relevant to the complaint at hand if the searches were not done.

13.     Plaintiff objects to the Defendant's answer. The request is for a personnel file that should be easily attainable and could lead to relevant information to this complaint. Plaintiff has no objection to confidential, sensitive information such as social security numbers, race, and marital status being redacted.

14.     Plaintiff objects to the Defendant's answer. The request is for a personnel file that should be easily attainable and could lead to relevant information to this complaint. Plaintiff has no objection to confidential, sensitive information such as social security numbers, race, and marital status being redacted.

15,     Plaintiff objects to the Defendant's answer.    The Plaintiff is requesting any training material in 2008 relative to anti-tying and further asks for any training

material outside the courses listed by Defendant to be presented that deal with Anti-Tying.

16.　　Plaintiff objects to the Defendant's answer. Plaintiff is requesting the policies and procedures of the Defendant, not training material, as it relates to Anti-Tying and BHCA.

17.　　Plaintiff objects to the Defendant's answer. The information is not irrelevant nor is it vague, ambiguous, and overly broad. BANA is a highly regulated entity and most certainly maintains all communications, documents, and memorandums regarding Anti-Tying that it sends out to its employees or holds internally as a policy.

18.　　Plaintiff objects to the Defendant's answer. Plaintiff is requesting all materials, documents, and memorandums from 2008 to present and not limited to the 2010 Bank of America Corporation Code of Ethics.

19.　　Plaintiff objects to the Defendant's answer. Again the question is specific and not vague, ambiguous, overly broad and irrelevant to what is being requested.

20.　　Plaintiff objects to the Defendant's answer. Plaintiff is not requesting information as it relates to his compensation plan while employed at Merrill Lynch because it is irrelevant. Merrill Lynch is a non-party to this action. Plaintiff is requesting any and all compensation plans of BANA.

21.　　Plaintiff objects to the Defendant's answer. This request is not unreasonable as the information is most certainly relevant. There was under oath testimony regarding BANA's compensation plan regarding this individual and to date nothing has been provided to substantiate that testimony as fact or falsehood. In fact it has continually been objected to being given to the Plaintiff by the Defendant. Testimony and actual compensation policies are two totally different items. The time frame is also relevant and should be supplied.

22.　　Plaintiff objects to the Defendant's answer. This request is not unreasonable as the information is most certainly relevant. There was under oath testimony regarding BANA's compensation plan regarding this individual and to date nothing has been provided to substantiate that testimony as fact or falsehood. In fact it has continually been objected to being given to the Plaintiff by the Defendant. Testimony and actual compensation policies are two totally different items. The time frame is also relevant and should be supplied.

23.　　Plaintiff objects to the Defendant's answer. This is a simple question that an answer can be easily provided. To respond that a FINRA BrokerCheck is acceptable as an answer is absurd. The question needs to be answered as given as to whether these five individuals were ever an employee of BANA and if so date of hire.

6

24.     Plaintiff does not object provided it is certain that no other documents or communications exist regarding this matter that have not been turned over to Plaintiff previously.

25.     Plaintiff objects to the Defendant's answer.  Plaintiff was not given all the information asked for in this question in the previous action.  Also, again the 2010 Bank of America Corporation Code of Ethics is not specific to the time frames Plaintiff is requesting.

26.     Plaintiff objects to the Defendant's answer.  See reply to question 25.

27.     Plaintiff objects to the Defendant's answer.  It would be unimaginable that a company as regulated and as large as BANA is would not have an easily attainable policy, guideline and procedure along with training for its employees that dictates how a loan should be done.  BANA surely would not state that it has no such procedures in place and all employees are free to do loans, as they seem fit regardless of the company's policies and Federal Law.  An answer to the question posed is relevant.

28.     Plaintiff objects to the Defendant's answer.  The question is not vague, overbroad, or ambiguous.  In fact it is direct and to the point.  Plaintiff will waive its objection if BANA can state that all the documents that they agree to produce are all the documents that exist to completely answer the question posed and also identify what a Mutual Fund Compensation Policy has to do with the loan in question.

29.     Plaintiff does not object provided he is provided with the full transcripts asked for as agreed to by Defendant by end of the month of July 2014.

30.     Plaintiff does not object.

31.     Plaintiff does not object.

32.     Plaintiff does not object.

33.     Plaintiff does not object.

34.     Plaintiff does not object.

35.     Plaintiff objects to Defendant's response.  Plaintiff is not in receipt of documentation to support most of Defendant's claims or denials that they proposed to the Court to support their denials of Plaintiff's allegations.  In fact Plaintiff would allege that such documentation does not exist. If such documentation does exist please provide as to how question is stated.

Respectfully,

P. Ryan Bray

**From:** PRyanBray [pryanbray@msn.com]
**Sent:** Wednesday, July 09, 2014 12:07 PM
**To:** Fulton, Janelle E.
**Cc:** Fuiman Cell, Lauren
**Subject:** RE: Discovery

Thanks Janelle.  Shall I send a subpoena to you acting as acceptance on their behalf to guarantee a showing of the 2 of them or is this something you can assure they will attend so to avoid the extra step?  Monday will work for me for our call if you can provide me a time.  Tuesday is much more sketchy.  As to what I am will to compromise on the email searches of the individuals boxes would be the repetitiveness of some names such as for an example, limiting it to just the Valdes email address vs. Mike, Michael, Michael Valdes, etc and so forth.

Thanks

Ryan

---

From: JFulton@rubinfortunato.com
To: pryanbray@msn.com
CC: LFuimanCell@rubinfortunato.com
Subject: RE: Discovery
Date: Wed, 9 Jul 2014 15:56:51 +0000

Ryan,

I have not yet had a chance to review the letter you sent yesterday setting forth your issues with BANA's responses to your document requests.  I will do so as soon as possible, but I probably will not be in a position to discuss the discovery issues with you until Monday or Tuesday.

I can tell you that your letter regarding the interrogatory responses did help clarify, and we will be supplementing some of the responses.  I will send you a formal written response to both of your letters, which I think will narrow down the remaining issues for our call.

On another note, I have confirmed that Kevin Knopf and Steve Bode are both available for deposition on August 19.  During our recent telephone conversation, you said you think you can complete both depositions in one day.  Accordingly, we will be issuing a subpoena to Dan Sanders scheduling his deposition for August 20.  We will reserve a location and a court reporter in St. Louis for all three of the depositions.

Janelle

Janelle E. Fulton
**Rubin, Fortunato & Harbison P.C.**
10 South Leopard Road |Paoli, PA 19301
☎610.408.2038 (Office)  |  ☎215.264.7634 (Mobile)
🖷610.854.1860 (Fax) |www.rubinfortunato.com

1

**From:** PRyanBray [mailto:pryanbray@msn.com]
**Sent:** Wednesday, July 09, 2014 9:35 AM
**To:** Fulton, Janelle E.; Fuiman Cell, Lauren
**Subject:** Discovery

Janelle

There are a few concessions I am willing to make on the email searches.  Let me know when you would like to discuss these items in their entirety.  Again today or tomorrow would be preferable to me.

Thanks

Ryan


Rubin, Fortunato & Harbison P.C. intends that this electronic message be used exclusively by the individual or entity to which it is addressed. This message may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, be aware that any disclosure, dissemination, distribution, or copying of this communication, or the use of its contents, is strictly prohibited. If you have received this communication in error, please notify us immediately by the telephone at (610)408-2000 and delete the original message from your e-mail system.
*********************************************************************

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

| | |
|---|---|
| **From:** | PRyanBray [pryanbray@msn.com] |
| **Sent:** | Monday, July 14, 2014 5:56 PM |
| **To:** | Fulton, Janelle E. |
| **Cc:** | Fuiman Cell, Lauren |
| **Subject:** | RE: Discovery |

Janelle

I was talking more in generality for now and in the future than I was specific to this instance and apologize to you for not making that specific. I can only go by past experience with yourself and your firm and the consistent pushback that has occurred in the past as it relates to discovery issues and I know how quickly the clock runs out.

Furthermore the only reason I sent two detailed letters to challenge your response to nearly every interrogatory and document request is because you objected to the majority of them in some way, shape, or form. I did not know that Federal Local Rules mandated that I need to be specific the first time on a request for documents as to why I was requesting them. I still have found no such rule but if you could enlighten me to what rule that is I would be more than happy to review it.

Lastly, as to the incomplete discovery you provided me of the of bate #'s 1 - 579, you did not provide me with what question of mine they were directed to as an answer. May I also mention they are incomplete regardless, which is something we will talk about tomorrow on our 11 a.m. call. I also don't know what your definition of a reasonable time for response is but suggest we get that understood tomorrow also.

I will call you at your office tomorrow at 11 a.m.

Thanks

Ryan

---

From: JFulton@rubinfortunato.com
To: pryanbray@msn.com
CC: LFuimanCell@rubinfortunato.com
Subject: RE: Discovery
Date: Mon, 14 Jul 2014 21:23:20 +0000

Ryan,

You have received the discovery responses in a timely manner. The responses were served on the date due, and one week is not an unreasonable amount of time to ask for a party to review and respond to a discovery deficiency letter. You have sent two detailed letters, which challenge BANA's responses to nearly every interrogatory and document request.

I have been able to arrange my schedule to have a call at 11:00 tomorrow, but it is possible that I will not be able to provide written responses to you numerous challenges before that time.  I will, however, try to get the written responses to you as soon as possible.

Janelle E. Fulton
**Rubin, Fortunato & Harbison P.C.**
10 South Leopard Road |Paoli, PA 19301
☎610.408.2038 (Office) | ☎215.264.7634 (Mobile)
🖷610.854.1860 (Fax) |www.rubinfortunato.com

**From:** PRyanBray [mailto:pryanbray@msn.com]
**Sent:** Sunday, July 13, 2014 11:55 AM
**To:** Fulton, Janelle E.
**Cc:** Fuiman Cell, Lauren
**Subject:** RE: Discovery

Janelle

I understand that you are busy and have other cases outside of the one that I am involved in.  In light of this, it is still imperative for me to receive the discovery requests in a timely manner, or have the objections resolved timely so that I can begin to organize my case, or if not resolved giving me the ability to file Motion to Compels so that we can get rulings promptly on the discovery issues.

As we know I have information from the past hearing but I don't feel we have even scratched the surface as to what additional information I will need from you in this case.  This is the first set of discovery I am requesting and I already have an additional 25 items that I will be requesting from you in a relatively short order.

On top of this, I am planning on deposing numerous individuals far exceeding the scope of Knopf and Bode's knowledge and opinion.  I of course can't begin this process until I receive the information I have requested.  With Discovery closing in November there is not a lot of room afforded with unnecessary delays as so to prevent us from reaching the end outcome of a pre-trial conference in February and a trial to follow shortly thereafter.  One would assume with the legal power (size) of your firm and its employees, along with the size of BANA and their staff that is available to provide me with the information I request, this is something that can be accomplished in a timely manner even with your busy schedule.

I have made myself available for Tuesday at 11 a.m. to speak to handle the current issues at hand.  If you can provide me with your responses to my objections as early as possible tomorrow so that I can prepare for our call it would be most appreciated.

Thank you

Ryan

From: JFulton@rubinfortunato.com
To: pryanbray@msn.com
CC: LFuimanCell@rubinfortunato.com
Subject: RE: Discovery
Date: Sat, 12 Jul 2014 13:23:39 +0000

Ryan,

We are working as quickly as possible to reevaluate BANA's discovery responses in light of the 2 letters you sent.  Please keep in mind that we are doing so while at the same time managing several other cases.  I will be traveling from June 16 through June 23, so I do want to speak with you about your letters by close of business Tuesday (7/15), but I cannot speak with you on Monday due to other commitments.  I am currently available Tuesday morning from 11:00 – 1:00.  Can you make time for a call during that window?

To answer an earlier question you had regarding the depositions of Kevin Knopf and Steve Bode, you do not need to subpoena these witnesses.  Please send me a notice of deposition (under the Federal Rules of Civil Procedure), and we will make arrangements for both witnesses to appear at an agreed-upon time and location.

Janelle

Janelle E. Fulton
**Rubin, Fortunato & Harbison P.C.**
10 South Leopard Road |Paoli, PA 19301
☎610.408.2038 (Office) | ☎215.264.7634 (Mobile)
🖷610.854.1860 (Fax) |www.rubinfortunato.com

**From:** PRyanBray [mailto:pryanbray@msn.com]
**Sent:** Friday, July 11, 2014 12:46 PM
**To:** Fulton, Janelle E.
**Cc:** Fuiman Cell, Lauren
**Subject:** RE: Discovery

Janelle

I am checking in again to see if Monday would fit your schedule to talk.  I also have yet to receive your responses to my objections and was curious as to when you felt I would have it so I too can prepare for our call.

Thanks

Ryan

From: JFulton@rubinfortunato.com
To: pryanbray@msn.com
CC: LFuimanCell@rubinfortunato.com
Subject: RE: Discovery
Date: Wed, 9 Jul 2014 15:56:51 +0000
Ryan,

I have not yet had a chance to review the letter you sent yesterday setting forth your issues with BANA's responses to your document requests.  I will do so as soon as possible, but I probably will not be in a position to discuss the discovery issues with you until Monday or Tuesday.

I can tell you that your letter regarding the interrogatory responses did help clarify, and we will be supplementing some of the responses.  I will send you a formal written response to both of your letters, which I think will narrow down the remaining issues for our call.

On another note, I have confirmed that Kevin Knopf and Steve Bode are both available for deposition on August 19.  During our recent telephone conversation, you said you think you can complete both depositions in one day.  Accordingly, we will be issuing a subpoena to Dan Sanders scheduling his deposition for August 20.  We will reserve a location and a court reporter in St. Louis for all three of the depositions.

Janelle

Janelle E. Fulton
**Rubin, Fortunato & Harbison P.C.**
10 South Leopard Road |Paoli, PA 19301
☎610.408.2038 (Office) | ☎215.264.7634 (Mobile)
🖷610.854.1860 (Fax) |www.rubinfortunato.com

**From:** PRyanBray [mailto:pryanbray@msn.com]
**Sent:** Wednesday, July 09, 2014 9:35 AM
**To:** Fulton, Janelle E.; Fuiman Cell, Lauren
**Subject:** Discovery

Janelle

There are a few concessions I am willing to make on the email searches.  Let me know when you would like to discuss these items in their entirety.  Again today or tomorrow would be preferable to me.

Thanks

Ryan

Rubin, Fortunato & Harbison P.C. intends that this electronic message be used exclusively by the individual or entity to which it is addressed. This message may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, be aware that any disclosure, dissemination, distribution, or copying of this communication, or the use of its contents, is strictly prohibited. If you have received this communication in error, please notify us immediately by the telephone at (610)408-2000 and delete the original message from your e-mail system.
*********************************************************************

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

Rubin, Fortunato & Harbison P.C. intends that this electronic message be used exclusively by the individual or entity to which it is addressed. This message may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, be aware that any disclosure, dissemination, distribution, or copying of this communication, or the use of its contents, is strictly prohibited. If you have received this communication in error, please notify us immediately by the telephone at (610)408-2000 and delete the original message from your e-mail system.
*******************************************************************

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

Rubin, Fortunato & Harbison P.C. intends that this electronic message be used exclusively by the individual or entity to which it is addressed. This message may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, be aware that any disclosure, dissemination, distribution, or copying of this communication, or the use of its contents, is strictly prohibited. If you have received this communication in error, please notify us immediately by the telephone at (610)408-2000 and delete the original message from your e-mail system.
*******************************************************************

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).



**RubinFortunato**
Employment Law That Works

**JANELLE E. FULTON**
Direct Dial: (610) 408-2038
Direct Fax: (610) 854-1860
jfulton@rubinfortunato.com

July 14, 2014

<u>**Via Electronic Mail Only**</u>

Patrick Ryan Bray
4007 Riverview Blvd.
Bradenton, FL 34209

Re: **Patrick Ryan Bray v. Bank of America**
   <u>**14-cv-00332-SDM-TBM (M.D. Fla.)**</u>

Dear Mr. Bray:

   I write in response to your letter dated July 8 challenging Bank of America, N.A.'s ("BANA") Responses to your Interrogatories.

   As an initial matter, and as we have discussed many times, we agree that this matter is a separate legal matter from the FINRA action Merrill Lynch litigated against you. We also agree that Merrill Lynch and BANA are completely separate and distinct legal corporate entities. However, we disagree that this case will require completely separate discovery. Your claim is identical to the anti-tying claim you brought in the FINRA action. The witnesses are the same, and the documents are the same; only the defendant is different. That being said, we also agree that you – like BANA – are entitled to take discovery in this case in addition to relying on the documents and testimony from the FINRA action, so long as the discovery sought is not duplicative and is reasonably calculated to lead to the discovery of relevant and admissible evidence.

   Second, BANA's general objections require no further explanation. While Stephen Bode is no longer a BANA employee, Mr. Bode was employed by BANA during all relevant times at issue in this case. While employed by BANA, Mr. Bode was privy to confidential and proprietary information and documents belonging to BANA. You have requested his deposition because he is a witness who will testify regarding the actions he took on behalf of BANA during the time period at issue in the case. The knowledge he has is a result of the position he held at BANA. As such, he can only be contacted through counsel for BANA.

Patrick Ryan Bray
July 14, 2014
Page 2

       Third, I address each of your challenges to BANA's responses to interrogatories as
follows:

1. BANA has answered Interrogatory No. 1 to the extent required by the Federal Rules
   of Civil Procedure.

2. We apologize for the misstatement: The response should have read that BANA's Rule
   26(a)(1) Initial Disclosures were *served* (not filed) on May 7, 2014. However, BANA
   did identify the document by name, so I find it hard to believe that you could not
   identify the document referenced in BANA's response to Interrogatory No. 2.

3. BANA has answered Interrogatory No. 3 to the extent required by the Federal Rules
   of Civil Procedure.

4. BANA has answered Interrogatory No. 4 to the extent required by the Federal Rules
   of Civil Procedure.

5. Sean Farrell, Virginia Flippen, Bridget Lynch, and Maurice Schutte were not BANA
   employees from 2008 to the present. As such, it appears that your challenge to
   BANA's response to Interrogatory No. 5 is withdrawn.

6. BANA has answered Interrogatory No. 6 to the extent required by the Federal Rules
   of Civil Procedure and has provided business records that are responsive to the
   request.

7. You did not challenge BANA's response to Interrogatory No. 7.

8. The amendment to the Credit Agreement, and Maritz's acquisition of the remaining
   percentage of InteliSpend, were not discussed until the fourth quarter of 2009, at the
   earliest. Nevertheless, to be thorough, BANA has gone back to January 2009. Please
   explain why you believe there "is key documentation relating to procedures prior to
   2009" that is relevant to this case.

9. BANA has answered Interrogatory No. 9 to the extent required by the Federal Rules
   of Civil Procedure and has provided documents that are responsive to the request.

10. BANA has answered Interrogatory No. 10 to the extent required by the Federal Rules
    of Civil Procedure.

11. BANA hereby supplements its response to Interrogatory No. 12 as follows: see also
    the following policy excerpts produced by BANA in response to Document Request
    No. 27:

Patrick Ryan Bray
July 14, 2014
Page 3

- Marketable Securities (Bates labeled Bray v. BANA 00545 through 00559).

12. BANA hereby supplements its response to Interrogatory No. 12 as follows: see also the following policy excerpts produced by BANA in response to Document Request No. 27, which set forth BANA's position on securities held outside BANA or its affiliates:

- Marketable Securities (Bates labeled Bray v. BANA 00545 through 00559).

Your request to have BANA identify "each and every collateral assignment of securities held at other financial institutions outside of their affiliates or Bank of America's umbrella" is overly broad and unduly burdensome, because doing so would require BANA to review each and every loan issued from 2007 through the present.

13. BANA hereby supplements its response as follows: as Stephen Bode testified in response to the same question Bray's attorneys posed at the FINRA arbitration, InteliSpend's assets were an important piece of collateral, and the collateral had to be in a place that BANA, as collateral agent for the bank syndicate, could be sure the collateral would be safeguarded. The loan documents contained a pre-payment provision, which required Maritz to pay down the loan before InteliSpend's assets could be moved. See Arbitration Transcript Volume II, pages 296, 323-34, 372-73.

By way of further answer, see the following policy excerpts produced by BANA in response to Document Request No. 27:

- Marketable Securities (Bates labeled Bray v. BANA 00545 through 00559).

14. BANA has answered Interrogatory No. 14 to the extent required by the Federal Rules of Civil Procedure.

15. You did not challenge BANA's response to Interrogatory No. 15.

16. After reviewing your July 8 letter, we are investigating this further, and BANA will supplement its response to Interrogatory No. 16 by producing compensation guides or plans to the extent such documents exist.

17. BANA hereby supplements its response to Interrogatory No. 17 as follows: see the following policy excerpts produced by BANA in response to Document Request No. 27 that relate to the origination of the loan through the finalization of the loan identified in Bray's Complaint.

Patrick Ryan Bray
July 14, 2014
Page 4

- Marketable Securities (Bates labeled Bray v. BANA 00545 through 00559);
- Communication of Terms to Customers (Bates labeled Bray v. BANA 00568 through 00574); and
- Syndications (Bates labeled Bray v. BANA 00575 through 00579).

18. BANA disagrees with Plaintiff's statement that "the assets that were pledged that are in question in the Plaintiff's complaint should have never been pledged in the first place as most of the monies that were pledged were not an asset of the company but acted more as a float for monies that were already spoken for and purchased by the general public on transactional gift cards."

19. BANA hereby supplements its response to Interrogatory No. 19 as follows: BANA required that InteliSpend's assets that Maritz pledged as collateral be held at a BANA affiliate.

20. BANA has answered Interrogatory No. 20 to the extent required by the Federal Rules of Civil Procedure.

21. BANA agrees to produce the Bank of America Corporation Code of Ethics for years 2010, 2011, 2012, and 2013.

22. BANA has answered Interrogatory No. 22 to the extent required by the Federal Rules of Civil Procedure.

23. You did not challenge BANA's response to Interrogatory No. 23.

24. BANA answered Interrogatory No. 24. The rephrased question appears to constitute a new Interrogatory. It may be that I do not understand the question posed in your letter, and I am happy to discuss it during our call scheduled for 11:00 a.m. on July 15, 2014.

Very truly yours,

RUBIN, FORTUNATO & HARBISON P.C.

Janelle E. Fulton



**RubinFortunato**

JANELLE E. FULTON
Direct Dial: (610) 408-2038
Direct Fax: (610) 854-1860
jfulton@rubinfortunato.com

July 16, 2014

<u>**Via Electronic Mail Only**</u>

Patrick Ryan Bray
4007 Riverview Blvd.
Bradenton, FL 34209
pryanbray@msn.com

Re:     **Patrick Ryan Bray v. Bank of America**
        <u>**14-cv-00332-SDM-TBM (M.D. Fla.)**</u>

Dear Mr. Bray:

I write to follow up on Bank of America, N.A.'s July 14, 2014 letter sent in response to your letter dated July 8 challenging Bank of America, N.A.'s ("BANA") Responses to your Interrogatories. Based on our subsequent telephone conversations on July 15, 2014, I have outlined where we stand on your challenges to BANA's responses and objections to your Interrogatories:

1.  You have never challenged BANA's responses and objections to Interrogatory Nos. 7, 15, and 23.

2.  You no longer challenge BANA's responses and objections to Interrogatory Nos. 3, 5, 11, 20, and 24.

3.  BANA maintains its responses and objections to Interrogatory Nos. 1, 2, 4, 10, 12, 14, 18, and 22.

4.  BANA will supplement its response to Interrogatory No. 19.

5.  After reviewing your July 8 letter and gaining further clarification during our telephone conversations on what exactly you are requesting, BANA has agreed to further investigate whether there exists additional responsive documents to Interrogatory Nos. 6, 8, 9, 13, 16, 17, and 21. BANA will endeavor by Thursday, July 17, 2014 to advise you whether BANA is in possession of documents responsive to these Interrogatories. To the

Patrick Ryan Bray
July 16, 2014
Page 2

extent BANA requires more time to investigate these Interrogatories, we will let you
know.

6.   With respect to Interrogatory No. 16, you have requested the compensation plans for
Stephen Bode, Kevin Knopf, Patricia Mercurio, and Debra Hellmann.  BANA previously
agreed to produce compensation guides or plans for Stephen Bode and Kevin Knopf only
– to the extent such documents exist.  To the extent BANA requires more time to
investigate this Interrogatory, we will let you know.

Very truly yours,

RUBIN, FORTUNATO & HARBISON P.C.

Janelle E. Fulton



**Rubin** Fortunato

JANELLE E. FULTON
Direct Dial: (610) 408-2038
Direct Fax: (610) 854-1860
jfulton@rubinfortunato.com

July 16, 2014

**Via Electronic Mail Only**

Patrick Ryan Bray
4007 Riverview Blvd.
Bradenton, FL 34209

  Re: **Patrick Ryan Bray v. Bank of America**
     **14-cv-00332-SDM-TBM (M.D. Fla.)**

Dear Mr. Bray:

  I write in response to your letter dated July 8 challenging Bank of America, N.A.'s ("BANA") Responses to your Interrogatories and to memorialize our subsequent telephone conversations on July 15, 2014.

  As discussed in my July 14, 2014 letter to you, although Stephen Bode, Licia Gordon-Smith, Patricia Mercurio, and Debra Hellman are no longer BANA employees, they were employed by BANA during all relevant times at issue in this case. While employed by BANA, these individuals were privy to confidential and proprietary information and documents belonging to BANA. Any relevant knowledge these individuals have is as a result of the positions they held at BANA. As such, they can only be contacted through counsel for BANA.

  Based on your July 8 letter and our subsequent telephone conversations, I address each of your challenges to BANA's responses to Plaintiff's Request for Production of Documents as follows:

  1. You did not challenge BANA's response to Request No. 1.

  2. BANA has no other documents to produce responsive to Request No. 2. You confirmed during our telephone conversation on July 15, 2014 that you have no further objections to this Request.

  3. For now, BANA maintains its objections to Request Nos. 3 through 12. Your stated basis for wanting BANA to re-search Bode's and Knopf's email boxes is that you

Patrick Ryan Bray
July 16, 2014
Page 2

have nine emails involving Bode and Knopf from an unidentified source that were never produced in the *Merrill Lynch v. Bray* arbitration. You now somehow contend that these nine emails were responsive to the discovery requests in that matter and that they should have been produced because the emails apparently hit upon relevant search terms. The nine emails are certainly discoverable in this litigation, and we request that you produce them so that we can make the determination whether we will re-review Bode's and Knopf's email boxes. Additionally, you have agreed to provide us with the name of the review platform you will use to review any additional email production and a revised list of search terms for each custodian. Knowing the review platform you intend to use is necessary so that BANA can produce any additional emails in a format that is compatible with the review platform. If you do not intend to use a review platform, we will work with you to produce any additional emails in a format that you can review. Once you have provided this information along with the nine emails that are in your possession, BANA will revisit its objections to these Requests.

4. See Response to Request No. 3.

5. See Response to Request No. 3.

6. See Response to Request No. 3.

7. See Response to Request No. 3.

8. See Response to Request No. 3.

9. See Response to Request No. 3.

10. See Response to Request No. 3.

11. See Response to Request No. 3.

12. See Response to Request No. 3.

13. BANA maintains its objections to Request No. 13. Stephen Bode's personnel file largely consists of standard personnel forms, such as IRS and benefits forms. These documents contain confidential information and have no relevance whatsoever to this action. Nevertheless, to avoid burdening the Court with motion practice, BANA will agree to produce Mr. Bode's personnel file, with confidential information (such as home address, Social Security number, date of birth, base salary, etc.) redacted.

14. BANA maintains its objections to Request No. 14. Kevin Knopf's personnel file largely consists of standard personnel forms, such as IRS and benefits forms. These documents contain confidential information and have no relevance whatsoever to this

Patrick Ryan Bray
July 16, 2014
Page 3

action. Nevertheless, to avoid burdening the Court with motion practice, BANA will agree to produce Mr. Knopf's personnel file, with confidential information (such as home address, Social Security number, date of birth, base salary, etc.) redacted.

15. You have agreed to withdraw your objection to Request No. 15.

16. After reviewing your July 8 letter, and pursuant to our telephone conversation on July 15, 2014, we are investigating this further, and BANA will supplement its response to Interrogatory No. 16 by producing compensation guides or plans as well as the Code of Ethics for 2011 through 2013, to the extent such documents exist.

17. After reviewing your July 8 letter, and pursuant to our telephone conversation on July 15, 2014, we are investigating this further, and BANA will supplement its response to Request No. 17 by producing any additional policies that may be responsive to this Request.

18. After reviewing your July 8 letter, and pursuant to our telephone conversation on July 15, 2014, we are investigating this further, and BANA will supplement its response to Request No. 18 by producing any additional policies that may be responsive to this Request as well as the Code of Ethics for 2011 through 2013, to the extent such documents exist.

19. After reviewing your July 8 letter and pursuant to our telephone conversation on July 15, 2014, we are investigating this further, and BANA will supplement its response to Request No. 19 by producing any additional policies that may be responsive to this Request as well as the Code of Ethics for 2011 through 2013, to the extent such documents exist.

20. Plaintiff was not subject to any BANA compensation plans.

21. After reviewing your July 8 letter, and pursuant to our telephone conversation on July 15, 2014, we are investigating this further, and BANA will supplement its response to Request No. 21 by producing compensation guides or plans applicable to Stephen Bode, to the extent such documents exist.

22. After reviewing your July 8 letter and pursuant to our telephone conversation on July 15, 2014, we are investigating this further, and BANA will supplement its response to Request No. 22 by producing compensation guides or plans applicable to Stephen Bode, to the extent such documents exist.

23. Based on our representation that none of the employees listed in response to Request No. 23, with the exception of Brian Ludwick, were dually employed by BANA and Merrill Lynch, Pierce, Fenner & Smith Incorporated, you have agreed to withdraw your objection to this Request.

Patrick Ryan Bray
July 16, 2014
Page 4

24. BANA has no further documents to produce responsive to Request No. 24.

25. After reviewing your July 8 letter, and pursuant to our telephone conversation on July 15, 2014, we are investigating this further, and BANA will supplement its response to Request No. 25 by producing any additional policies that may be responsive to this Request, to the extent such documents exist.

26. After reviewing your July 8 letter, and pursuant to our telephone conversation on July 15, 2014, we are investigating this further, and BANA will supplement its response to Request No. 26 by producing any additional policies that may be responsive to this Request, to the extent such documents exist.

27. During our telephone conversation on July 15, 2014, you requested that BANA produce the entire policy manuals containing the excerpts on Marketable Securities, Communication of Terms to Customers, and Syndications listed in response to Request No. 27. We are investigating whether BANA will produce the entire policy manuals. To the extent BANA is not willing to produce the entire policy manuals, we will investigate whether we can produce any relevant table of contents that will assist you in narrowing your Request.

28. During our telephone conversation on July 15, 2014, you requested that BANA produce the first and second amendments to the Second Amended Restated Credit Agreement and all modifications and deal screen memorandums. We maintain our objections to this Request, but will investigate whether BANA will produce these documents notwithstanding these objections.

29. You do not challenge BANA's response to Request No. 29.

30. You do not challenge BANA's response to Request No. 30.

31. You do not challenge BANA's response to Request No. 31.

32. You do not challenge BANA's response to Request No. 32.

33. You do not challenge BANA's response to Request No. 33.

34. You do not challenge BANA's response to Request No. 34.

Patrick Ryan Bray
July 16, 2014
Page 5

35. As emphasized to you during our telephone conversation on July 15, 2014, BANA does not agree with your statement that you have not received documents to support BANA's claims or defenses. Likewise, BANA strongly disagrees with your statement that "such documentation does not exist." Rather, BANA has produced the responsive documents or has requested them in its subpoena to Merrill Lynch, Pierce, Fenner & Smith Incorporated.

Very truly yours,

RUBIN, FORTUNATO & HARBISON P.C.

Janelle E. Fulton

**P. Ryan Bray**
Phone #(941) 812-9007
pryanbray@msn.com

July 16, 2014

**Via Electronic Mail Only**

Janelle E. Fulton
10 S. Leopard Rd.
Paoli, PA 19301

     **Re:**    **Patrick Ryan Bray v. Bank of America**
             **8:14-cv-00332-TBM (M.D. Fla.)**

Dear Ms. Fulton:

Below as promised I will recap our conversation yesterday July 15, 2014 as it relates to the Interrogatories and Document requests and list what we agree to, not agree to or as you stated and I have agreed to give you 48 hours to respond after consulting with your client. Please let me know if you disagree with any items that I state based on my recollection of the call.

I will discuss the general housekeeping issues we talked about first:

1.    We discussed where the depositions for Bode, Knopf, and Sanders would be held and who would be responsible for the cost associated with the place of the meeting. My option for holding it at Wayne Schoeneberg's office, which would be free of charge, was determined to not be necessary as you stated that your client would cover the full cost associated with this so therefore my option was not necessary. Also you are checking into the cost associated with the court reporter of your choosing and let me know in short order so that I can compare it with the quotes I have received to make sure they are in line with one another. You agreed to produce the location and cost of the reporter in short order so that I can send out the Appear Notices, for you to accept on behalf for Bode and Knopf, in the allotted time dictated by the Federal Rules of Civil Procedure prior to the August 19th Deposition date.

2.    We disagree on your statement that I am not allowed to contact any ex-employee of BANA, because as you claim, they are protected because at sometime during their employment they may have been been privy to confidential and proprietary information and documents belonging to BANA. Furthermore you state that I am forbidden to contact them without Defendant's Counsel as they may have a legal authority to bind BANA.

3.  You have agreed that the questions in the Interrogatories that have been answered previously by the Defendant's Counsel will be re-answered by the designated party assigned to answer the questions.

4.  We disagree and I object to the individual that was given the responsibility and duties of answering the Interrogatories from BANA.  It is of my opinion that under Federal Rule of Civil Procedure 33(b)(1)(B) as it is specific to Interrogatories that that the questions must be answered "if that party is a public or private corporation, a partnership, an association, or a governmental agency, **by any officer or agent**, who must furnish the information available to the party."  As you stated the Individual that is representing them with the authority to answer is a representative of the Company but not an Officer or an Agent of the Corporation.

5.  We discussed what program I will be using for the Metadata extraction and I have stated that I will provide that to you within the agreed upon 48 hours.

6.  You have requested from me, documentation to prove emails from boxes previously searched of parties that I have seen in the past that were not produced in the original production in the prior FINRA hearing.  I am stating that I will not turn over such documents until compelled to do so as any information that I may have are protected work product and could be used for impeachment purposes if further objections arise. Furthermore they are meaningless to the case at hand regarding a production of emails as I am requesting all Metadata associated with the searches, which as you stated, could not be given unless the email boxes searched previously from a case outside of this one were re-searched.

7.  As our time on the phone yesterday, which is greatly appreciated by me for you taking the time out of your busy schedule to accommodate, was rushed towards the end for your next appointment I forgot to ask you if you would object to my bringing an assistant to the Depositions to aid in my organization.  His name is Barry Fischbach and would be present for the entire 2 days.

8.  As to the disagreements and answers that have been agreed to be afforded another 48 hours for response, I will be filing a Motion to Compel on all answers we can't agree to on or around Monday, July 21, 2014

## INTERROGATORY STATUS

Recap of questions as posed chronologically and our agreements, disagreements, or authorization of an additional 48 hours to respond:

1.  We disagree and I Object. Not only do I disagree with the Individual answering the questions but I also disagree with your stance that to identify each and every individual that aided or assisted in the answering of these questions is unacceptable.

2.    No further Objections

3.    No further Objections

4.    We disagree and I Object using the same reasons as stated in # 1.

5.    No Objections, provided the answer is specific to reflect that no other testimony provided in the referenced case other than three (3) listed was provided by a BANA employee or a dually employed BANA employee.

6.  No objections, provided your client agrees within the 48 hours to provide the complete 2009, 2010, 2011, 2012 and 2013 of its Policies and Procedures along with the Code of Ethics.

7.    No Objections

8.    We have agreed to a 48 hour extension so that you can converse with your client as to whether you will comply with the question as it is posed. It has been stated as to why I am requesting back to 2006, whether it is agreeable by you or not the reasons have nonetheless been stated.

9.    We have agreed to a 48 hour extension so that you can converse with your client as to whether you will comply with the question as it is posed. The question is specific and needs to be answered in its entirety along with the complete underwriting guides as it relates to loans for 2009, 2010, 2011, 2012, 2013.

10.    We disagree and I Object and will file a Motion to Compel.

11.    We disagree and I Object and will file a Motion to Compel.

12.    We disagree and I Object and will file a Motion to Compel.

13.    We have agreed to a 48 hour extension so that you can converse with your client as to whether you will comply with the question as it is posed. We spoke as to documentation, but not limited to show Firewalls and such among affiliates.

14.    We disagree and I Object and will file a Motion to Compel.

15.    No Objection

16.    We have agreed to a 48 hour extension so that Defendant's Counsel can converse with their client as to whether you will comply with the question as it is posed and I have agreed to limit the material to Bode, Knopf, Mecurio, and Hellmann.

17.    We have agreed to a 48 hour extension so that you can converse with your

3

client as to whether you will comply with the question as it is posed.

18.     You disagree with the statement in its entirety therefore I Object and will file a Motion to Compel an answer.

19.     I don't have notes regarding this question and will assume we skipped over it. I will agree to a 48 hour extension as to whether it will be answered as posed. I am not asking for what people have testified to in a prior hearing. I am asking for an authorized individual from BANA that is answering the question to answer the question posed.

20.     We have agreed to a 48 hour extension so that you can converse with your client as to whether you will comply with the question as it is posed, as I believe that the entirety of the investigation has never been given to me such as anything from Knopf during the investigation.

21.     We have agreed to a 48 hour extension so that you can converse with your client as to whether you will comply with the question as it is posed. All material relating to this in its entirety is being requested whether it comes from the policies and procedures manual or any other manual for that matter. It has been agreed that it is clearly not defined in the Code of Ethics manual.

22.     No Objection

23.     No Objection

24.     No Objection

## DOCUMENT REQUEST STATUS

Recap of questions as posed chronologically and our agreements, disagreements, or authorization of an additional 48 hours to respond:

1.     No Objections

2.     We spoke and agreed that the items that Defendant previously have agreed to provide are irrelevant and have no bearing on this case as they are Merrill Lynch Documents and have no relevancy in this matter as Merrill Lynch is not a party to this action nor is my employment with them. However you have explained that no documents exist regarding my employment with BANA other than the specific email stating I was a BANA employee months after my employment began with Merrill Lynch and after I completed the proper tests (which I have not received in previous discovery and still don't have to date) and my completion of the SAFE ACT mandatory procedures. If no documents exist as to Plaintiff's employment with BANA and has been verified by Defendant's Counsel then Plaintiff has no further objections. Plaintiff does for the record

4

state that Defendant's Counsel has now admitted that Plaintiff was an employee of BANA

   3.   Items 3 thru 12 will be answered here in this individual response. These requests were originally objected to and we have agreed for a 48 hour extension so that Defendant's Counsel can speak with their client. It was stated during the call that cost associated for the searches of these email boxes would make it objectionable and prohibitive. Defendant has also stated that many of the emails searched would be duplicative from a previous unrelated hearing of the Defendant. Plaintiff and Defendant agree that a new search in its entirety would need to be done to produce the Metadata that is requested by Plaintiff. Furthermore, Plaintiff has agreed to reduce the search terms to exclude repetition and will concede to the new search terms as follows: Maritz, InteliSpend, Intelispend, @maritz, @intelispend, Rick Ramos, Matt Glazer, Steve Maritz, Dan Sanders, syndicate, syndication, tying, anti tying, BHCA, arbitration, federal, hearing, Patrick Bray, Patrick Ryan Bray, Ryan Bray, Michael Valdes, Sean Farrell, Brian Ludwick, hide, destroy, trouble, referral, legal, illegal, violation, trial, threats, Florida, investigation, Maurice.schutte@ml.com, Mo, confidential, call me, Stephen Bode (and vice versa when searching Stephen Bode's boxes for Kevin Knopf) and including both names in the others boxes requested.

   13.   No Objections as Defendant has agreed to turn over personnel file with redactions of personal information such as home, address, date of birth, and social security number.

   14.   No Objections as Defendant has agreed to turn over personnel file with redactions of personal information such as home, address, date of birth, and social security number.

   15.   No Objections

   16.   Defendant's Counsel has requested a 48 hour extension to confer with their client as to whether they will continue to object to the request and has been agreed to by the Plaintiff.

   17.   Defendant's Counsel has requested a 48 hour extension to confer with their client as to whether they will continue to object to the request and has been agreed to by the Plaintiff.

   18.   Counsel has requested a 48 hour extension to confer with their client as to whether they will continue to object to the request and has been agreed to by the Plaintiff.

   19.   Counsel has requested a 48 hour extension to confer with their client as to whether they will continue to object to the request and has been agreed to by the Plaintiff.

   20.   Defendant has stated that that no compensation plan exists regarding Plaintiff's compensation while he was employed by the Defendant and that all previous

compensation plans offered in their response have no relevancy in this case as it is from a non-party. There is no Objection if that is the case.

21.    Defendant's Counsel has requested a 48 hour extension to confer with their client as to whether they will agree to the timeframe requested. The documents related to the question have been agreed to be produced.

22.    Defendant's Counsel has requested a 48 hour extension to confer with their client as to whether they will agree to the timeframe requested. The documents related to the question have been agreed to be produced.

23.    No objections as Defendant has stated that only Brian Ludwick has ever been an employee of the Defendant whether dually employed or not.

24.    We have agreed to a 48 hour extension so that you can converse with your client as to whether you will comply with the question as it is posed as I believe that the entirety of the investigation has never been given to me such as anything from Knopf during the investigation.

25.    Requests 25 thru 28 have been discussed and the 48 hour request for more time to answer has been agreed upon.

29.    Requests 29 thru 34 are not objected to.


Sincerely,


P. Ryan Bray

7



**Rubin**Fortunato

**JANELLE E. FULTON**
Direct Dial: (610) 408-2038
Direct Fax: (610) 854-1860
jfulton@rubinfortunato.com

July 17, 2014

<u>**Via Electronic Mail Only**</u>

Patrick Ryan Bray
4007 Riverview Blvd.
Bradenton, FL 34209
pryanbray@msn.com

      Re:     **Patrick Ryan Bray v. Bank of America**
                 **14-cv-00332-SDM-TBM (M.D. Fla.)**

Dear Mr. Bray:

     I write in response to your letter dated July 16, 2014 recapping our lengthy telephone conversations on July 15, 2014. First, I will address a few general issues. Then, I will address the Interrogatories and Request for Production.

    **I.    OUTSTANDING GENERAL ISSUES**

        **a.  Court Reporter and Deposition Location**

     To follow up on our discussion regarding the court reporter and location for the depositions of Stephen Bode ("Bode"), Kevin Knopf ("Knopf"), and Dan Sanders, we have retained Alderson Court Reporting. Alderson's rates are as follows:

- $3.95 per page – 10 business day delivery (standard)
- $1.45 per page - Rough Draft
- $90.00 - Appearance Fee
- $0.30 per page – scanned exhibits (black & white)
- $1.50 per page - scanned exhibits (color)
- $55.00 processing fee (per transcript)

     Additionally, to minimize the disruption to Bode and Knopf, who are located in downtown St. Louis, the deposition will be held at the Embassy Suites St. Louis - Downtown

Patrick Ryan Bray
July 17, 2014
Page 2

(610 N. 7th Street, St. Louis, Missouri, 63101). BANA will provide for and pay for the cost of renting the deposition location. To the extent we agree on using Alderson Court Reporting, BANA will pay for the court reporter's appearance fee, but will not pay for your costs associated with obtaining a transcript.

Finally, we will not agree to your request to bring a member of the general public – to aid you at the depositions. Unlike parties to the action, counsel, and corporate representatives, members of the public are not permitted to attend civil depositions. Therefore, we ask that you do not bring a friend with you. Of course, you are welcome to have an attorney represent you at the deposition.

### b. BANA's Policy Manuals

To the extent BANA agreed to investigate whether there are further responsive BANA policies responsive to either the Interrogatories or Request for Production, BANA will not agree to produce irrelevant portions of policy manuals. Instead, as we discussed during our calls, BANA will agree to provide you with the table of contents. You can then determine the exact sections you would like to request from BANA, and, to the extent the sections you request are relevant or calculated to lead to the discovery of admissible evidence, BANA will produce those sections only.

### c. E-Discovery

There are a few outstanding issues with respect to e-discovery, which covers Document Request Nos. 3 through 12. First, please provide us with the review platform you intend to use. As we explained to you, we must know the review platform you intend to use so BANA can produce any additional emails in a format that is compatible with the review platform. As stated in our July 16, 2014 letter, if you do not intend to use a review platform, we will work with you to produce any additional emails in a format that you can review. Second, we have received your list of revised search terms. Once we have had a chance to review them, we will contact you to discuss. Finally, and perhaps most importantly, your refusal to turn over the nine emails involving Bode and Knopf is not only inappropriate, but will also delay BANA re-searching Bode's and Knopf's email boxes. BANA intends to propound a document request for these emails. Unless and until we receive these emails and have the opportunity to evaluate whether these emails hit upon relevant search terms in the underlying FINRA arbitration, we will not agree to re-search Bode's and Knopf's email boxes.

### d. Supplemental Responses

Contrary to what you stated in your July 16, 2014 letter, we did not say that BANA is going to "re-answer" the Interrogatories. Rather, BANA will provide verified, supplemental responses to your Interrogatories after we have had the opportunity to investigate your concerns and if necessary.

Patrick Ryan Bray
July 17, 2014
Page 3


## II.   INTERROGATORIES AND REQUEST FOR PRODUCTION

### a.   Interrogatories

From the numerous letters that we have exchanged, it appears we have agreed that you have either never objected or have no further objection to Interrogatory Nos. 2, 3, 5, 7, 15, 22, 3, and 24. Moreover, we have also agreed that BANA maintains its responses and objections to Interrogatory Nos. 1, 4, 10, 12, 14, and 18. Therefore, to simplify matters, we will address only any disagreements we have with or points of clarification/updates regarding your July 16, 2014 letter:

- **Interrogatory No. 11**: Based on our July 15, 2014 telephone conversations, we understood that you no longer challenged BANA's responses and objections to Interrogatory No. 11. We have provided the relevant policies that are responsive to this Interrogatory. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, BANA is permitted to specify and produce its policies which will allow you to ascertain the answer to this Interrogatory. As explained to you, we are not required to paraphrase that which you can review yourself. Based on this representation, you verified that you no longer challenged BANA's response to Interrogatory No. 11.

- **Interrogatory No. 20**: As we stated in response to Interrogatory No. 20, and as we reiterated during our July 15, 2014 telephone conversation, BANA has produced its entire security file responsive to this Interrogatory. BANA has no record of any other responsive documents.

- **Interrogatory Nos. 6, 8, 9, 13, 16, 17, and 21**: Since our telephone conversation on July 15, 2014, BANA has been investigating and continues to investigate whether there are documents, in addition to those we have already produced, responsive to these Interrogatories. Once we obtain the documents, to the extent any exist, we will immediately produce them to you and will supplement BANA's responses accordingly with the Bates number ranges associated with the documents. While you have stated in your July 16, 2014 letter that you intend to file a Motion to Compel on Monday, July 21, 2014 on all of the answers we cannot agree to, we understand that your Motion to Compel will not address these Interrogatories now that BANA has agreed to investigate whether there are additional responsive documents. Moreover, given that we did not have the benefit of the clarification you provided on what exactly it is you are seeking in response to these Interrogatories until our telephone conversations on July 15, 2014, we would expect that you understand it will take some time to investigate whether these documents exist.

Patrick Ryan Bray
July 17, 2014
Page 4

### b. <u>Document Requests</u>

Again, from the numerous letters that we have exchanged, it appears we have agreed that you have either never objected or have no further objection to Document Request Nos. 1, 2, 15, 23, and 29 through 34. We have also addressed Document Request Nos. 3 through 12 above under the section entitled "E-Discovery." To simplify matters, we will address only any disagreements we have with or points of clarification/updates regarding your July 16, 2014 letter.

- **Document Request Nos. 13 and 14**: As we previously noted in our July 16, 2014 letter, BANA will agree to produce Bode's and Knopf's personnel files, with confidential information (such as home addresses, Social Security Numbers, dates of birth, base salary, etc.) redacted. BANA will produce the personnel files of Bode and Knopf only. BANA is doing this to avoid burdening the Court with motion practice, not because BANA agrees that these personnel files are relevant to this action. In doing so, BANA is not waiving its objections to producing the personnel files. Moreover, BANA will not produce the personnel files of any other current or former BANA employees unless you can articulate the relevance.

- **Document Request No. 20**: To clarify, our response to Document Request No. 20 stated that "Plaintiff was not subject to any BANA compensation plans." While we agree that Merrill Lynch is not a party to this action, we did not say that the compensation plans we cited to in our July 2, 2014 Responses had "no relevancy in this case." The compensation plans we cited are the compensation plans that you were subject to while employed by Merrill Lynch and BANA.

- **Document Request No. 24**: As stated above, BANA has produced its entire security file responsive to Document Request No. 24. No further responsive documents exist.

- **Document Request Nos. 16-19, 21-22, and 25-28**: <u>See</u> our response above regarding Interrogatories Nos. 6, 8, 9, 13, 16, 17, and 21.

If you would like to discuss further, I would be happy to set up another call with you when I arrive back from vacation.

Very truly yours,

RUBIN, FORTUNATO & HARBISON P.C.

Janelle E. Fulton

**P. Ryan Bray**
Phone #(941) 812-9007
pryanbray@msn.com

July 17, 2014

**Via Electronic Mail Only**

Janelle E. Fulton
10 S. Leopard Rd.
Paoli, PA 19301

Re:    **Patrick Ryan Bray v. Bank of America
8:14-cv-00332-TBM (M.D. Fla.)**

Dear Ms. Fulton:

I am replying to your recent letter dated July 17, 2014.  I will address the topics as they are presented in your letter.

## I.    OUTSTANDING GENERAL ISSUES

### a.  Court Reporter and Deposition Location

- I have no objections to the location, provided that as you have agreed, to BANA covers the cost.

- I am holding any objection until close of business of July 21, 2014 to compare rates with what I have been provided previously.

- As to your objection to my bringing Mr. Fischbach, whom is my assistant, to the deposition to aid me at the depositions, I find it appalling that you would consider an individual whom I respect in their duties to assist me as just a member of the general public.  To further state such an individual is a friend and is unwelcome is further appalling.  I have never once made such vulgar accusations to you about any of your assistants that I have had communications with in the past, that were non-lawyers, nor have I or would I object to there appearance in any way.  Furthermore, I have seen zero rules in the Federal Rules of Civil Procedure that would prohibit me from the ability to have my assistant present as a *pro se* litigant.  If you can provide me with such a rule I would be more than happy to oblige to your objection but as it stands now unless Mr. Fischbach is prohibited by the Court to attend as my

assistant for the Depositions scheduled for August 19 and 20, 2014 then he will be present by my side.

### b. BANA's Policy Manuals

Due to your response I will proceed with my Motion to Compel as you object to produce such manuals in their entirety. As I discussed on our phone call it would be impossible for me to determine what is relevant by simply looking at a table of contents.

### c. E-Discovery

As I stated, I will provide you with the program I will be using for the Metadata extraction. Unfortunately due to the continual burden of writing these letters and motions I have not been able to supply that information to you as of yet, as I have not had chance to determine which program will be used. I will though, have that information to you by close of business Monday, July 21, 2014. Either way it is not of utmost importance at this immediate time as you are objecting to searching the e-mail boxes anyway.

As to your final statement that you state is most important, I will set the record straight as it applies to you stating that you will not agree to re-search Bode and Knopf's email boxes until I turn over the 9 emails you are referring to.

First, I will state that during our conversation, that I stated that I have seen multiple e-mails and then referred to the multiple as a possible nine or so that were not produced in the original discovery from an unrelated proceeding. Secondly, for you to say my refusal to turn over nine emails, that I have no idea of their present location at this time, being inappropriate, is laughable. This is coming from a party that refuses almost every request to turn over documents without an argument.

BANA, since discovery has opened, has had the opportunity to propound a document request from me and has as of yet chosen not to. Regardless of any argument that you are stating in this objection the points are still irrelevant, as you have to search the e-mail boxes regardless to produce the corresponding Metadata along with the new search terms that have been added to the previous search from an unrelated discovery, of an unrelated hearing, with unrelated parties.

Therefore, I will be filing a Motion to Compel for Requests 3 through 12 as you are still denying the production as requested.

### d. Supplemental Responses

I apologize for any portrayal of a misstatement of me saying that BANA is going to re-answer the Interrogatories. What I was implying is that the questions that were answered by Counsel, would be answered by the Representative, that I object to as an appropriate individual by the way, as required by the Federal Rules of Civil Procedure and which you admitted and agreed to.

## II.     INTEROGATORIES AND REQUEST FOR PRODUCTION

### a.  **Interrogatories**

You would be correct as to all Interrogaties that have no further objections from me being 2, 3, 5, 7, 15, 22, and 24. We also agree that I will file be filing a Motion to Compel for numbers 1, 4, 10, 12, 14, and 18.

- **Interrogatory No. 11:**  Your understanding would be correct that I have no objection to the answer of BANA as the Administrative Agent requiring the assets to be held. My objection still holds though, that your answer is not to the question that was posed. BANA had other duties and responsibilities in this loan such as a lead lender of the syndicate and the question needs to be answered on all levels as it is posed, as to all departments that were associated with the approval and completion of this loan in question. Unless this is answered as stated I will follow a Motion to Compel.

- **Interrogatory No. 20:**  I have no further objection to this item but will state that I find it hard to believe that Knopf was never interviewed and no documentation exists regarding his involvement in this.

- **Interrogatory Nos. 6, 8, 9, 13, 16, 17, and 21:**  These items are still being objected to but I will allow additional time for you to provide the answers in full. I am hesitant to allow more time as past experience has shown that another Motion to Compel will be necessary but nonetheless will allow an additional week for a response.

### b.  **Document Requests**

I have no objections on Document Request Nos. 1, 2, 15, 23, and 29 through 34. I will be filing a Motion to Compel on Document Request Nos. 3 through 12 as stated above under the section entitled E-Discovery.

- **Document Request Nos. 13 and 14:**  No objections

- **Document Request No. 20:**  I object as it was stated to me on the call that you didn't believe I had a compensation plan with BANA. There is no way to have a BANA compensation plan under a Merrill Lynch Compensation plan if every employee is not automatically dually employed. I need clarity to your response.

- **Document Request No. 24:**  No objection

- **Document Request Nos. 16-19, 21-22, and 25-28:**  See my response above regarding Interrogatories Nos. 6, 8, 9, 13, 16, 17, and 21.

As it stands currently I will be filing a Motion to Compel on Monday, July 21, 2014 for all un-agreeable requests and any requests that were not mentioned in this letter.

I hope you have a fantastic vacation and I would like to set up another call with you when you return to discuss the other outstanding issues.

Sincerely


P. Ryan Bray