RECEIVED

AUG 20 2014

BY MAIL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

PATRICK RYAN BRAY,

       Plaintiff,

v.                               Case No. 4:14-cv-01336-CEJ

BANK OF AMERICA

       Defendant.

_____/

### PLAINTIFF PATRICK RYAN BRAY'S MEMORANDUM IN SUPPORT OF HIS MOTION TO SUPPLEMENT COMPLAINT WITH EXHIBITS AS EVIDENCE TO SUPPORT HIS CLAIMS

COMES NOW, Plaintiff Patrick Ryan Bray (pro se), hereby respectfully moves the Court to grant the Plaintiff's Motion to amend his complaint to include exhibits to support the claims filed in his original complaint. When the Plaintiff filed his complaint and responded to the Defendants Motion to Dismiss, he first asked the Defendant if they would be opposed to him providing documents to the Court to substantiate his claims, but was denied such ability, as the Defendant stated that by doing such would violate the confidentiality agreement he signed in the previous non-related FINRA hearing. Attached, as Exhibit A is that communication with the Defendant.

Throughout the process, in the case before the Court now, discovery was open and had begun upon the direction of the Middle District of Florida, where the case was originally filed prior to the Defendants Change of Venue being granted to the Eastern District of Missouri. During this brief, open discovery, the Defendant subpoenaed Merrill Lynch for the records that were used in the previous FINRA arbitration hearing. Merrill Lynch turned over such records and the Defendant has since turned them over to the Plaintiff outside of the previous confidentiality agreement. For this reason the

Plaintiff is now submitting a miniscule amount of documents that support his claims that he was originally denied from using at the time of his original filings. Though the Plaintiff was in possession of such documents at the time, he did not want to violate any confidentiality agreement that was being threatened to be enforced, had he used them as exhibits.

**DOCUMENTS TO SUPPORT**
**COUNT I**
**<u>TYING CLAIM</u>**

As the Court has most recently noted in the case of *Halifax Center, LLC v. PBI Bank, Inc., 2014 WL 626753 (W.D. Ky. Feb 18, 2014)* that to sustain a claim under the anti-tying provisions of the BHCA, a plaintiff must show that (1) the bank engaged in an anti-competitive tying arrangement, "i.e. that it conditioned the extension of credit upon "the borrowers obtaining...additional credit, property or services... from the bank or its holding company; (2) the arrangement was not usual or traditional in the banking industry; and (3) the practice conferred a benefit to the bank."

The word **requirement** is key to this action as it is the most prohibitive word in the BHCA 12 U.S.C. 1972 legislation that the Plaintiff claims the Defendant violated. Most, if not all experts will state that it is such a prohibitive word that it is never expressed explicitly in any documentation but rather always stated implicitly. The plaintiff will satisfy the above mentioned (1) by introducing as evidence Exhibit B, the Third Amendment to the Credit agreement, whereby BANA clearly states in their contractual language that they are requiring the stated assets in this complaint be held at Bank of America / Merrill Lynch. Exhibit C is an electronic communication between the

employees of the Defendant speaking to their requiring these assets to be held at Bank of America / Merrill Lynch.

To satisfy the above mentioned (2) attached as Exhibit D is a page out of the Defendants own employee training material, specifically describing that **conditioning the extension of credit on the client purchasing securities using a broker-dealer affiliate as a Prohibited Conduct.** Exhibit E is an internal memo of the Defendant that clearly states traditional and non-traditional bank products and services, and which clearly states Broker/Dealer services are on the list of non-traditional bank products, again a clear violation of the Defendants own policies and the law.

Although it is obvious that the Defendants requiring of 45 million of assets to be managed at the Defendants broker/dealer affiliate (Merrill Lynch) would be a clear benefit to the bank, the Plaintiff enters as Exhibit F an electronic communication of the Defendants employees wanting credit for their requirement of the stated assets in the form of a referral.

The Plaintiff believes he has standing under the Sherman and Clayton Acts separate from the BHCA law as he believes he can also show an anticompetitive effect emanating from this tying arrangement as (1) the Defendant possesses market power over the tying product to force the purchase of the tied product and (2) because a substantial volume of commerce is foreclosed thereby the Defendant's actions. However under the BHCA the Plaintiff is not obligated to prove anti-competitive **effects** or appreciable market share in the market for the tied service or products but instead just an anti-competitive **practice**.

Lastly, for the Defendant to construe to the Court that when Congress enacted the

BHCA law with the language "any person" that it was not Congresses intent to be construed to mean a direct competitor, such as the Plaintiff, is a reach, and trying to get the Court to canonize the verbiage by sanctioning by ecclesiastical authority is an overreach to say the least.  The laws verbiage has remained unchanged for over forty years and was left unchanged in the recent Dodd Frank act.  Anti-Tying claims are extremely rare as most are done verbally and not in writing which makes it extremely hard to prove. In this case it is easily proven that both occurred.

As to the remaining Counts, the Plaintiff has an equally numerous amount of documents to defend his allegations in full and believes an abundance of other documents not in his possession will be uncovered through discovery to support his claims.

## CONCLUSION

The Defendant wants to continually state and portray to the Court that this action, brought by the Plaintiff in his complaint, is a settled matter that has been litigated in a prior FINRA arbitration hearing.  The Defendant, who was the perpetrator of these actions brought against them by the Plaintiff, here before the Court now, is a non-FINRA member and therefore could not be held liable by FINRA for their actions.

This "Svengali" between the Defendant and their affiliate Merrill Lynch made it virtually impossible for the Plaintiff to prove his case in the FINRA arbitration, as although they colluded with one another, the majority of the wrong doings from a legal stand point were done by BANA, whom which FINRA could not hold accountable for their actions because they had no legal authority, as a Self-Regulated Organization (SRO), to hold a non-member accountable.

Due to contract, the Plaintiff was obligated to first, go through the arbitration

4

process and attempt to bring the two parties together as one in their wrongdoings but ultimately failed because of the reasons stated above and not because the FINRA arbitration held BANA harmless. If that were the case, FINRA would have granted the Defendants Counsel's motion to dismiss, with prejudice, that they requested, but instead were denied such request.

The Plaintiff has conferred with the Defendant regarding the filing of this motion and the Defendant has stated that they are opposed to its filing. Attached as Exhibit G are the communications regarding this topic.

Dated: August 14, 2014

By: /s/ Patrick Ryan Bray
Patrick Ryan Bray (pro se)
4007 Riverview Blvd
Bradenton, FL 34209
Telephone: (941) 812-9007
Email: pryanbray@msn.com

## CERTIFICATE OF SERVICE

I, Patrick Ryan Bray (pro se), hereby certify that a true and correct copy of the forgoing Memorandum in Support of the Plaintiff's Motion to Supplement Complaint with Exhibits as Evidence to Support his Claims, were served via electronic communication as follows to Scott Dickenson at sdickenson@lathropgage.com and Janelle Fulton at jfulton@rubinfortunato.com.

Dated: August 14, 2014

By: /s/ Patrick Ryan Bray
Patrick Ryan Bray (pro se)
4007 Riverview Blvd
Bradenton, FL 34209
Telephone: (941)812-9007
Email: pryanbray@msn.com