# EXHIBIT G

P. Ryan Bray<br>
Phone #(941) 812-9007<br>
pryanbray@msn.com

August 13, 2014

**Via Electronic Mail Only**

Janelle E. Fulton
10 S. Leopard Rd.
Paoli, PA 19301

    Re:    **Patrick Ryan Bray v. Bank of America**
            **4:14-cv-01336-CEJ**

Dear Ms. Fulton:

I am writing to inform you of my plans to file a Motion for Leave with the Court to supplement my original complaint with factual evidence. As you recall I asked you in the past if you would be opposed to my attaching documents as exhibits to support my claims.

You opposed my doing such, as you stated that I signed a confidentiality agreement in the previous un-related hearing with Merrill Lynch, and my using of such documents would be a violation of that agreement. Therefore because of your objection, and threat of enforcement of the confidentiality agreement, I provided the Court with no evidence to support my claims other than verbiage that such documents do exist.

Now after the recent subpoena of BANA upon Merrill Lynch, through the prior discovery while the case was held in the Middle District of Florida, I am in possession of the documents that support my claims unimpeded from any confidentiality agreement.

I feel it only prudent to make the Honorable Jackson aware of such documents to enable her to make a fair judgment as to your motion to dismiss since to date, there has been no supporting evidence other than verbiage to rule in either direction. As we know, there were many false claims that you provided the Court in your Motion to Dismiss, that I addressed, but was not able at that time to provide the Court with the supporting documents to prove them to be unsubstantiated because of the confidentiality agreement.

Please let me know whether or not you object to my filing this motion for leave. You gave me two (2) hours to respond as to whether I would object to one of your recent filings but I will give you extra time until noon tomorrow.

                                            Sincerely,

                                            P. Ryan Bray



JANELLE E. FULTON
Direct Dial: (610) 408-2038
Direct Fax: (610) 854-1860
jfulton@rubinfortunato.com

August 14, 2014

**Via Electronic Mail**

Patrick Ryan Bray
4007 Riverview Blvd.
Bradenton, FL 34209
pryanbray@msn.com

Re:     **Patrick Ryan Bray v. Bank of America**
        **14-cv-01336-CEJ (E.D. Mo.)**

Dear Mr. Bray:

    I write in response to your August 13 letter indicating that you will be filing a Motion for Leave to supplement your Complaint and to inform you that BANA will oppose such a motion. The Motion to Dismiss is fully briefed, and as you acknowledge in your letter, even if you did not have documents to attach, you included verbiage to set forth your claims and your responses to BANA's arguments. As such, this motion is nothing more than another attempt to force BANA to incur attorney's fees, now that discovery is effectively stayed.

    In addition, I feel the need to address the inaccuracies in your letter. First, I disagree completely with your characterization of the action against Merrill Lynch as "un-related." As we have discussed many times – and as you have stated yourself – this action is very closely related to the FINRA action involving Merrill Lynch. Specifically, the anti-tying claim is the same, the witnesses are the same, and the documents are the same. The only differences are the forum and the defendant.

    Second, I take issue with your claim that I have made false claims to the Court. I have done no such thing, and your incessant personal attacks on my veracity, my ethics, and my professionalism must stop. Throughout the last two years that we have been actively involved in litigation, I have treated you and your lawyers fairly and with professional courtesy, despite the fact that you and your lawyers have not returned the courtesy. You have repeatedly called me a liar and accused me of making false statements to your and to the Court. It is for this reason –

Patrick Ryan Bray
August 14, 2014
Page 2

and the fact that prior conversations have been fruitless – that I no longer choose not to try to resolve issues with you by telephone. Personal attacks have no place in this forum, and I ask you to temper your future correspondence with my office.

Sincerely,

RUBIN, FORTUNATO & HARBISON P.C.

Janelle E. Fulton

cc:   Scott Dickenson, Esq.

P. Ryan Bray<br>
Phone #(941) 812-9007<br>
pryanbray@msn.com

August 14, 2014

**<u>Via Electronic Mail Only</u>**

Janelle E. Fulton
10 S. Leopard Rd.
Paoli, PA 19301

    Re:    **Patrick Ryan Bray v. Bank of America**
             **4:14-cv-01336-CEJ**

Dear Ms. Fulton:

    I am addressing your letter dated August 14, 2014 in response to my letter the previous day. Your objection is noted and I will include it in my memorandum that I will be filing. Might I remind you, that one of your objections to me filing exhibits prior, with my responses to your Motion to Dismiss, was because you stated that a court cannot consider any documents outside the pleadings unless the documents are publicly available, but you chose to file documents in exhibits that were not publicly available regardless.

    As to your statement that "this motion is nothing more than another attempt to force BANA to incur attorney's fees", is quite puzzling, as I was not aware that I am bringing this case to the Court for that reason, nor have I filed anything prior to now that was anything but normal procedure or responses to your endless motions.

    As two your next disagreement of this action being un-related to the Merrill Lynch action I can only state once more that it was you, personally, that argued continual times in numerous venues that BANA is a non-party to the FINRA proceedings and that the case that I am bringing now can only be heard in Federal Court. Of course when I do file in Federal Court you continually argue as though this case was decided in FINRA arbitration when it has not. BANA is a party here not Merrill Lynch.

    BANA, the non-FINRA member, that you argued so elegantly, is the Plaintiff here. The anti-tying claims (Count I) are against BANA along with the employees of BANA for the Libel and Slander (Count II and III). Because you were there at the arbitration hearings, I should not have to point out the amount of times you or your team pointed out that Mr. Bode's and Mr. Knopf's testimony has little to no relevance as they were BANA employees and not Merrill Lynch and of course BANA is a non-FINRA member.

Lastly, regarding your statement of my incessant personal attacks on your veracity, ethics, and professionalism. It was you that stated in the beginning of this case to me, that you wanted to make sure I understood that everything involving this case should not be taken as personal. I understand that fully, as I believed you did, as you were the one that made the comment.

That being said, it was not me or my Counsel in the FINRA hearing involving Merrill Lynch that cried (literally) for the first ten minutes or so of your closing arguments about how you felt you were so mistreated by my attorney's. I was under the impression that the hearing was about Merrill Lynch vs. Bray and not Merrill Lynch vs. Bray and then also Ms. Fulton the lead Counsel for Merrill Lynch.

If you recall it was me, (after your denial that you refused to do the CMR per Local Rules until your Motion to Dismiss was ruled upon), that requested that to avoid future misunderstandings we should audio record all conversations between us to avoid any further misunderstandings, but nonetheless you refused this request.

I apologize to you for stating the facts as to the misrepresentations you have made to the Court numerous times in different filings. Maybe you did not personally write these filings in their entirety that were submitted to the Court but you are the person that signed them and therefore the only individual in my opinion that I can hold responsible.

To state that I have called you a liar repeatedly is un-founded, nor can you produce anything to substantiate your statement. I admit that I have stated to the Court that there have definitely been false statements made by you and your firm in your filings in this case. But I made these rebuttals to the Court because your signature was at the bottom of the filings and you know that there is evidence and testimony to prove your filings as false.

In light of this if you would prefer to defend your claims as being accurate in there entirety I would be more than satisfied to share such defenses with the Court rather than have you offended by my behavior of merely just stating your unsubstantiated claims. As a starter look at **D. (page 5) of your Motion to Dismiss (filing # 12)** and please explain how after the arbitration hearing you believe that is a factual statement and can purport it as such to the Court. Mind you that is just one example of many instances.

Had you not been lead Counsel in the FINRA arbitration I would be able to assume you were not aware of the facts but that is not the case. Instead you are fully aware of the facts but are signing off on the filings misconstruing the facts.

Needless to say I will state to the Court that you are Opposed to my filing to Supplement.

Sincerely,

P. Ryan Bray

2