UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK RYAN BRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14-CV-01336-CEJ |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to reconsider the order dismissing this case with prejudice. The issues are fully briefed. For the reasons that follow, the Court denies the motion.

**I.**     **Legal Standard**

Federal Rule of Civil Procedure 59(e) allows a district court to correct its own mistakes in the time period immediately following entry of judgment. *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citing *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982)). Rule 59(e) motions serve a limited function: correcting "manifest errors of law or fact" and allowing the movant "to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

Federal Rule of Civil Procedure 60(b) sets forth grounds for relief from a final judgment, order, or proceeding. Rule 60(b)(2) allows the Court to grant relief

1

based on "newly discovered evidence that, with reasonable diligence, could not have been discovered [before]." Additionally, Rule 60(b)(3) allows the Court to grant relief based on "fraud . . . , misrepresentation, or misconduct by an opposing party." Finally, Rule 60(b)(6) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Robinson v. Armontrout*, 8 F.3d 6, 7 (8th Cir. 1993). Under Rule 60(b)(6), the catch-all provision, the "exceptional circumstances" must have "denied the movant a full and fair opportunity to litigate his/her claims and have prevented the movant from receiving adequate redress." *Hodge v. Burlington N. & Santa Fe Ry. Co.*, 461 F. Supp. 2d 1044, 1054 (E.D. Mo. 2006) (citing *Harley v. Agostini*, 413 F.3d 866, 871 (8th Cir. 2005)).

## II. Discussion

Bray first seeks reconsideration based on Fed. R. Civ. P. 60(b)(3) asserting that BoA committed fraud on the Court. "The 'fraud on the court' standard is distinct from the more general fraud standard of Rule 60(b)(3)." *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir. 1998). "'A finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel.'" *Id.* (quoting *Landscape Properties, Inc. v. Vogel*, 46 F.3d 1416, 1422 (8th Cir. 1995)). Here, Bray has not met the standard to succeed on a fraud on the court claim because he has made no allegation, nor has he provided any evidence, that BoA committed any of the kinds of egregious acts that the Eighth Circuit has said would qualify for relief under that standard. Bray's fraud on the court claim, accordingly, fails.

Moreover, "[t]o prevail under Rule 60(b)(3), the movant must show by clear and convincing evidence that his opponent engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting his case." *Id.* (citing *Atkinson v. Prudential Property Co.*, 43 F.3d 367, 372–73 (8th Cir. 1994)). Here, Bray has not put forth clear and convincing evidence that he was prevented from fully and fairly presenting his case. In fact, the opposite is true. The only documents that Bray claims he was prohibited from producing are from the FINRA arbitration against Merrill Lynch (not BoA) and are covered by a confidentiality agreement between Bray and Merrill Lynch. Nevertheless, Bray attached those documents as exhibits to an earlier motion. The Court examined them before, and it has done so again. The documents are irrelevant to the § 1972 question of whether Bray was a competitor with BoA. In sum, Bray was provided with a full and fair opportunity to present his case, and BoA did not engage in any fraud or misrepresentation by pointing out that certain irrelevant documents should not have been submitted.

Bray next challenges the Court's factual findings and legal conclusions. The Court has carefully considered Bray's arguments and finds them to be without merit. Bray has pointed to no "manifest errors of law or fact" in the dismissal order. Bray's mere disagreement with the Court's findings and conclusions and his re-stating arguments previously made do not establish a basis for reconsideration under either Rule 59 or Rule 60. Additionally, Bray has not presented any newly-discovered evidence that would entitle him to relief. His attempts to present new allegations and tender new legal theories that could have been offered before the

entry of judgment are insufficient to entitle him to relief under Rule 59(e). *See Innovative Home Health Care*, 141 F.3d at 1286; *see also* Fed. R. Civ. P. 59(e).

Finally, there are no exceptional circumstances present that would warrant relief under Rule 60(b)(6). Such circumstances exist only where a movant presents conditions that "denied the movant a full and fair opportunity to litigate his/her claims and have prevented the movant from receiving adequate redress." *Hodge*, 461 F. Supp. 2d at 1054 (citation omitted). As discussed above, Bray was given a full and fair opportunity to present evidence sufficient to establish that he had constitutional or statutory standing.

****

For the reasons discussed above,

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider [Doc. #52] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of December, 2014.