United States Court of Appeals
For the Eighth Circuit
_____

No. 16-1523
_____

Patrick Ryan Bray

*Plaintiff - Appellant*

v.

Bank of America

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: October 25, 2016
Filed: October 26, 2016
[Unpublished]
_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.
_____

PER CURIAM.

     Patrick Bray appeals the district court's[1] order dismissing his claim under 12 U.S.C. § 1972, the Bank Holding Company Act.  Having jurisdiction under 18 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

Bray asserted violations of anti-tying provisions of the BHCA, which the district court properly dismissed for lack of standing because Bray failed to allege sufficiently that his injury was caused by a violation of the Act.  *See Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 134 S. Ct. 1377, 1386-90 (2014) (to determine standing, court first determines whether plaintiff has established requirements of constitutional standing; and if so then examines whether statutory standing exists by determining if plaintiff's allegations establish that his interests were within the zone of interests protected by the law invoked, and that his injuries were proximately caused by violations of the statute); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (to establish Article III standing, plaintiff must allege, inter alia, that injury is causally connected to defendant's allegedly illegal conduct and not to independent action of some third party not before court); *Wieland v. U.S. Dep't Health & Human Servs.*, 793 F.3d 949, 953-54 (8th Cir. 2015) (appellate court reviews district court's dismissal for lack of standing de novo, accepting as true all factual allegations in complaint and drawing reasonable inferences in favor of nonmoving party; standing exists only if plaintiff suffered injury as result of defendant's putatively illegal conduct).

The judgment is affirmed.  *See* 8th Cir. R. 47B.

_____

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

October 26, 2016

Mr. Patrick Ryan Bray
4007 Riverview Boulevard
Bradenton, FL  34209

      RE:  16-1523  Patrick Bray v. Bank of America

Dear Mr. Bray:

      The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

      Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                              Michael E. Gans
                              Clerk of Court

LMT

Enclosure(s)

cc:    Mr. Mahlon H. Barlow
        Ms. Lauren Fuiman Cell
        Mr. Michael A. Clithero
        Ms. Janelle E. Fulton
        Mr. Christopher S. Koller
        Mr. Gregory J. Linhares

      District Court/Agency Case Number(s):   4:14-cv-01336-CEJ